J. Raymond Amyot, J.
This is an article 78 proceeding which seeks an order requiring the New York State Racing and Wagering Board (hereinafter the board) to act on an appeal filed by the petitioner.
The petitioner is the owner of a pacing gelding which finished second in a race at the Saratoga Harness Race Track on April 15, 1977. It is admitted by the respondent that during the race at least two infractions of the rules of racing occurred. Regardless of those violations, and without questioning the driver of the winning horse, against whom a protest had been lodged, the judges declared the order of finish official and the mutuel payout was made in accordance therewith. The next day the driver of the winning horse was suspended by the presiding judge for having committed infractions of the rules during the race in question. Based on the order of finish which had been declared official, however, the purse money was distributed and thereafter, within the time limited by the respondent’s rules, the petitioner filed an appeal seeking review of the presiding judge’s decision regarding the order of finish and the distribution of purse money. No action on the appeal has been taken by the board and an affidavit submitted by the petitioner’s attorney alleges that he has been advised by an attorney for the board that no action will be taken.
It is the respondent’s contention that under its rules an appeal is not the proper remedy for the relief sought by the petitioner but instead a protest should have been filed before the winnings were paid over.
The rules and regulations promulgated by the respondent board pursuant to statutory authority (L 1940, ch 254, § 36, as amd by L 1973, ch 346, § 3) are contained in title 9, subtitle T, chapter B, part 4100 et seq. of the Official Compilation of Codes, Rules and Regulations of the State of New York (hereinafter 9 NYCRR). In that compilation the following definitions are set out:
'Appeal. A request for the commission to investigate, consider and review any decisions or rulings of judges or officials *268 of a meeting. The appeal may deal with placings, penalties, interpretations of the rules or other questions dealing with the conduct of races.” (9 NYCRR 4100.1 [a] [3].)
"Protest. An objection, properly sworn to, charging that a horse is ineligible to a race, alleging improper declaration, or citing any act of an owner, driver, trainer or caretaker, or official prohibited by the rules, and which, if true, should exclude the horse or driver from the race.” (9 NYCRR 4100.1 [a] [31].)
In distinguishing between protests and appeals the board’s official rules and regulations provide:
"Protest. Protests may be made only by an owner, manager, trainer or driver of one of the contending horses, at any time before the winnings are paid over, and shall be reduced to writing and sworn to before a judge of the meeting, and shall contain at least one specific charge which, if true, would prevent the horse from winning or competing in the race.” (9 NYCRR 4121.1.)
"Appeals. (a) All decisions and rulings of the judges, or other officers of the commission may be appealed to the commission for review if the licensee files a notice of appeal with the track steward or presiding judge, upon the forms provided by the commission within 10 days after notice of such decision or ruling.
"(b) The commission will notify the licensee or other persons of the time and place of the hearing at which time the commission will hear the appeal.
"(c) The commission after hearing the licensee may vacate, modify or increase any penalty imposed by the judges or other officers of the commission.
"(d) All penalties imposed by the judges or other officers of the commission upon any person charged shall continue in full force and effect until the determination of the commission is rendered, unless otherwise directed in writing by the commission.
"(e) Nothing herein contained shall effect [sic] the distribution of the pari-mutuel pools at tracks where pari-mutuel wagering is conducted, when such distribution is made upon the official placing at conclusion of the heat or dash.
"(f) In case of an appeal or protest, the purse money affected will be retained by the track subject to the direction of the commission.” (9 NYCRR 4121.5.)
*269 A copy of the appeal filed by the petitioner is attached to the moving papers. It is on the board’s printed form and it was filed within 10 days.
The respondent’s argument that the procedure adopted by the petitioner was improper may very well be accurate; however, that does not excuse the respondent from processing the appeal in accordance with 9 NYCRR 4121.5. Nowhere in the rules is it contemplated that the board may ignore the appeal and conclude without a hearing that the remedy selected was improper in form and therefore, is to be ignored. The board has adopted and promulgated its own rules. They apply to all —to the board as well as to the horsemen. They must be complied with by all.
In support of its position that the petitioner’s appeal is in fact a protest, the respondent attaches a hearing officer’s report together with the findings and order bearing the caption "In the Matter of the Protest of Robert W. Hickman - against- LeRoy Hebert” which deals with a 1974 appeal filed with the board by a horseman contesting the official order of finish of a race conducted at Batavia Downs. Although that proceeding is entitled as a protest, the report, findings and order are in fact the disposition of an appeal. The hearing officer’s report refers to it as an "appeal” and as "a hearing to review the decision of the Board’s judges”. The order of the board recites that the proceeding was brought on by a request for "a hearing to review” the action of the judges. On that appeal the board decided that the procedure, in the nature of a protest, was untimely filed and that no cause was shown for failure to make timely protest. That appeal was disposed of with procedural propriety and was decided after a hearing. Here, instead, the board proposes to do nothing other than conclude that the appeal is a protest and ignore it.
Perhaps the petitioner has filed the wrong form and, if so, such determination may be the basis for dismissing the appeal or denying the relief sought after the appeal has been heard, but to reach that conclusion without the required hearing puts the sulky before the pacer. The determination of the appeal must be by the board after its rules have been complied with. To do otherwise would be a convenient, self-serving way to dispose of unwanted meritorious appeals and leave those for whom the process is designed without recourse or review.
Whether the determination of the appeal, when made, is *270 proper or improper may be tested in an appropriate proceeding after the appeal has been heard and decided. That question is not properly before the court at this time and it is not for this court on this motion to say whether an appeal or a protest was the proper course.
The petitioner is entitled to a judgment directing the respondent to act on the appeal.