■    In the Matter of Sol Pinsley, as Agent for Cardinal Ranch, Petitioner, v New York State Racing and Wagering Board, Respondent. —Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the New York State Racing and Wagering Board, which refused to award petitioner the first place purse money in a harness race. On April 15, 1977, petitioner was the owner of a horse which finished second in a race at the Saratoga Harness Race Track. Concededly, two infractions of the rules of racing occurred. Within minutes after the finish of the race, and without questioning the drivers involved, the judges declared the order of finish official and made the mutuel payout. The following day the driver of the winning horse was suspended for interfering with the driver of a horse other than petitioner's. Based on the official order of finish the purse money was thereafter distributed. Within the required time, petitioner filed an appeal with respondent seeking review of the judges' decision regarding the order of finish and the distribution of purse money. Respondent refused to act on the ground that the proper procedure was to have filed a protest. Pursuant to court order (Matter of Pinsley v New York State Racing & Wagering Bd., 91 Misc 2d 266), a hearing was held, and the hearing officer recommended that it be determined that petitioner followed the correct procedure and that the horse finishing first be disqualified and the purse money redistributed accordingly. Respondent board voted one for and one against the hearing officer's report and concluded that the decision of the track judges would stand. Such decision is not contained in this record. The instant article 78 proceeding was commenced to review respondent's determination. The issues for our consideration are whether there is substantial evidence in the record to sustain respondent's determination, whether the track judges' decision was arbitrary, capricious or an abuse of discretion and whether petitioner should have properly filed a "protest" instead of an "appeal". On this record, we are unable to resolve any of these issues. Our concern is to review the decision and findings made by the respondent board. None were made here. The respondent concluded that the effect of the split vote would be that the decision of the judges at the harness track would stand. Respondent's failure to set forth any findings of fact precludes adequate judicial review (Matter of Simpson v Wolansky, 38 NY2d 391; Matter of Pachucki v Walters, 56 AD2d 677). Furthermore, respondent's refusal to either confirm or reject the findings and decision of the hearing officer amounts to a failure by respondents to comply with the order of Special Term, which directed respondent to act on appellant's appeal as to the propriety of the track judges' determination. Consequently, there must be a remand for such a determination and appropriate findings of fact. We pass on no other issue. Decision withheld, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.