Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the New York State Racing and Wagering Board which refused to award petitioner the first place purse money in a harness race. By decision of December 20, 1979, determination of this proceeding was withheld and the matter remitted for further proceedings (Matter of Pinsley v New York State Racing & Wagering Bd., 73 AD2d 756). The pertinent facts are adequately set forth therein and need not be repeated here. On remand the board determined that petitioner adopted the incorrect procedure in that he resorted to an appeal rather than protest the result of the race pursuant to 9 NYCRR 4121.1. It is well established that the interpretation given to a regulation by an administrative agency responsible for the regulation’s implementation is given a great deal of weight and should be upheld if not irrational or unreasonable (Matter of Howard r Wyman, 28 NY2d 434, 438). A protest must be made before the winnings are paid (9 NYCRR 4121.1). Due to time factors, the future placement of horses, and the payment of the purse, it would be reasonable and rational to require a protest for race result related grievances and leave the avenue of appeal for disciplinary measures and unsatisfactorily disposed protests. We note, however, that the language of the regulations leaves much to be desired. For instance, the exact reach of the protest procedure is unclear. Furthermore, it is possible that in a different factual situation a seriously injured driver might be unable to lodge the necessary protest and thereby be deprived of the benefits of the regulation. Consequently, on this record, we are constrained to confirm the board’s determination. In view of this determination, it is unnecessary to pass on the merits of petitioner’s appeal to the board. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur. [91 Misc 2d 266.]