■ In the Matter of LESLIE M. LEONE, Petitioner, v DONALD N. SILVERMAN, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the County Court, Westchester County (Silverman, J.), dated November 9, 1988, which revoked the petitioner's pistol license.

Adjudged that the petition is granted, the determination is annulled and the pistol license is reinstated, without costs or disbursements.

The petitioner's application for a pistol permit was granted by a Judge of the County Court in 1986. In 1988, he applied for permission to amend the license by adding another weapon to the license. The application to amend was denied by a

different Judge of the same court. Subsequently the latter Judge, upon an application by the County Attorney, revoked the petitioner's license to carry a weapon.

The court which originally granted the petitioner's application had before it the same information as did the court which subsequently revoked the license, and nevertheless determined that no good cause existed for the denial of the license application (see, Penal Law § 400.00). There was no showing that the petitioner did not make a full disclosure on his original application (see, Matter of Willis v Treder, 127 AD2d 667, lv denied 69 NY2d 611). Nor is there, in the present record, any evidence of acts by the petitioner subsequent to the granting of the license demonstrating that he is currently unfit to carry a pistol (see, Matter of Goldberg v Edelstein, 100 AD2d 968). Accordingly, it was an improvident exercise of discretion for the second Judge, in effect, to overrule the first Judge by revoking the petitioner's license (see, Matter of Wright v County of Monroe, 45 AD2d 932). Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.