■ In the Matter of VINCENT T. OLIVER, Petitioner, v VINCENT G. BRADLEY, as Justice of the Supreme Court of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1])

to review a determination of respondent which denied petitioner's application for a pistol permit.

On November 30, 1989 Justice Williams approved petitioner's application for a pistol permit. Two days after approving the application, Justice Williams received a small gift from petitioner. As a result, petitioner appeared before Justice Williams, who, on December 11, 1989, revoked petitioner's permit and disqualified himself from all other present or future matters involving petitioner. After various communications with the Sullivan County Clerk's office, petitioner reapplied for a pistol permit on February 25, 1991. Respondent failed to approve petitioner's application.

We initially find that the language of respondent's decision is ambiguous, thus making it uncertain whether respondent ruled on petitioner's new application for a pistol permit or whether, as petitioner contends, he limited his review to whether Justice Williams' revocation should be overturned, a matter not before him. In any event, even if we assume that respondent made a de novo review on petitioner's application, meaningful review by this Court is precluded due to respondent's failure to set forth in his decision the reasons upon which he denied petitioner's second application (see, Matter of Naftilos Painting & Sandblasting v Hartnett, 167 AD2d 700, 702; Matter of Pinsley v New York State Racing & Wagering Bd., 73 AD2d 756). We therefore deem it necessary to withhold decision and remit the matter to respondent for elaboration of the reasons for denying petitioner's second application, especially in light of the fact that Justice Williams had previously granted petitioner's first application (see, Matter of Leone v Silverman, 153 AD2d 862).

Weiss, P. J., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the decision is withheld, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.