■ INA SIDOR, Petitioner, v. NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.— Proceeding pursuant to article 78 of the CPLR (1) to review a determination of respondent New York State Department of Social Services, made on June 27, 1968 after a "fair hearing" held pursuant to section 353 of the Social Services Law, which determination affirmed the suspension by respondent New York City Department of Social Services of a grant of Aid to Dependent Children to petitioner and (2) for a judgment granting related or alternative relief. Determination annulled, on the law, without costs, and matter remitted to respondent New York State Department of Social Services for the making of findings as indicated herewith and for further proceedings not inconsistent herewith. Petitioner, the mother of an infant child, was the recipient of public assistance which was suspended on or about February 16, 1968, when the respondent city agency was informed of the possibility that petitioner was the beneficial owner of approximately $14,000 worth of Dreyfus Fund shares and approximately $3,000 worth of insurance company shares of stock. Pursuant to petitioner's request, a "fair hearing" was held before the respondent State agency on March 28, 1968 at which evidence pertaining to the resources in question was taken. On April 9, 1968, after the hearing, but before the decision thereon, the city agency terminated petitioner's assistance and closed the case. On June 27, 1968 the Commissioner of the State agency decided that sufficient evidence had been introduced at the hearing to justify the conclusion that petitioner's eligibility was "open to question" and accordingly affirmed the suspension "pending completion of its [the city agency's] investigation" pursuant to 18 NYCRR 351.22 ([c] [3] [i] [b]). Respondents vigorously urge upon this court that the city agency's action in terminating petitioner's assistance renders the instant proceeding moot. We cannot agree. The regulations of the State

agency provide that written notification of the discontinuance of a grant must be given to a recipient and that "If subsequent to the receipt of the written notice the recipient indicates dissatisfaction with such action, he shall be informed of his right of appeal and fair hearing" (18 NYCRR 355.3 [b] [2]). Respondents do not contend that the discontinuance was based on any evidence other than that presented to the hearing examiner; and petitioner clearly "indicated dissatisfaction" by protesting the suspension of her grant based upon that evidence. There is nothing whatever in the record to indicate that the city agency gave petitioner written notice of its action in terminating the assistance and of the reasons therefor, as required by the rules, or that it informed petitioner of her right to seek another hearing. In this posture of the case it would be grossly unfair to petitioner to dismiss the proceeding as moot. However, the Commissioner made no findings of fact whatsoever as to whether or not petitioner had violated Department resource policy, but merely concluded that "sufficient evidence" had been presented to justify the suspension on the grounds that petitioner's continuing eligibility was "open to question" and under "investigation". It is axiomatic that this court cannot substitute its judgment for that of the Commissioner (*Matter of Marburg* v. *Cole*, 286 N. Y. 202). Further, it has been repeatedly stated that administrative agencies must make findings, with respect to determinations subject to judicial review, which are sufficiently definite to inform the court and the parties as to the findings made and the basis of the findings (*Matter of Moudis* v. *Macduff*, 286 App. Div. 485, 486). Accordingly, we should remit the matter to the respondent State agency for the making of findings as to whether or not petitioner violated Department resource policy and, if so, in what respect the violation occurred (CPLR 7804, subd. [g]). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.