■ In the Matter of HEARTLAND INDUSTRIAL PARK et al., Appellants, v COUNTY OF SUFFOLK DEPARTMENT OF HEALTH SERVICES, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent County of Suffolk Department of Health Services, dated August 27, 1982, which, after a hearing, found petitioners guilty of charges relating to violations of the Suffolk County Sanitary Code and of an order on consent, imposed a penalty of $2,500, and directed petitioners to correct "all violations",

petitioners (1) appeal from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated March 1, 1983, which transferred the proceeding to this court pursuant to CPLR 7804 (subd [g]) and (2) seek review of the determination. ¶ Appeal dismissed, without costs or disbursements. ¶ Matter remitted to respondent for appropriate findings as to the particular charges petitioners were found guilty of and the exact amount of any fine imposed for each charge, and proceeding held in abeyance in the interim. Respondent shall transmit its findings to this court with all convenient speed. ¶ Petitioners contend that this proceeding was improperly transferred to this court pursuant to CPLR 7804 (subd [g]). Specifically, petitioners argue that the petition does not allege that the determination of the respondent County of Suffolk Department of Health Services is not supported by substantial evidence (CPLR 7803, subd 4), but instead alleges that such determination was arbitrary and capricious and contrary to law (CPLR 7803, subd 3). ¶ We disagree. A review of the petition indicates that the issue of substantial evidence was raised therein and the proceeding was properly transferred to this court (see CPLR 7804, subd [g]). CPLR 7804 (subd [g]) also provides that this court dispose of all issues in a proceeding properly transferred to it (see *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180; *Matter of Young v Board of Educ.,* 100 AD2d 515; cf. *Matter of Portugal v Webb,* 91 AD2d 997, 998). Therefore, petitioners are not aggrieved by the order dated March 1, 1983, which transferred the proceeding to this court and the appeal therefrom must be dismissed (*Matter of Young v Board of Educ., supra;* CPLR 5511). ¶ Turning to the merits, the hearing notice dated June 7, 1982, sent by the respondent to the petitioners, charged petitioners with (1) eight distinct violations of three separate paragraphs of article VB of the Suffolk County Sanitary Code; (2) eight distinct violations of items 8 and 15 of an order entered into between the parties on consent, and (3) violations of items 3 and 12 of said order on consent. The hearing notice also provided that each violation was separate and distinct and, if proven, subjected petitioners to a civil penalty not to exceed $500 for each violation. ¶ Despite the detailed nature of the notice, the decision and order of the respondent did not indicate which particular testimony had been relied on and made no specific findings indicating which of the alleged violations petitioners had been found guilty of. Nor was any breakdown made which would indicate the exact amount of the penalty levied for each violation petitioners were found guilty of. ¶ It has been consistently held that "administrative agencies must make findings, with respect to determinations subject to judicial review, which are sufficiently definite to inform the court and the parties as to the findings and the basis of the findings" (*Sidor v New York State Dept. of Social Servs.,* 32 AD2d 944, 945). Accordingly, the matter is remitted to the respondent for the making of proper findings regarding the charges and the penalty imposed. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.