■ In the Matter of PATRICK PERRELLA, Petitioner, v SUFFOLK COUNTY CLASSIFICATION AND SALARY APPEALS BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Classification and Salary Appeals Board, dated July 16, 1984, which, after an informal hearing at which no minutes were taken, denied petitioner's request to upgrade the salary of his position.

Matter remitted to the Suffolk County Classification and Salary Appeals Board for the making of findings herewith, and proceeding held in abeyance in the interim.

Petitioner Patrick Perrella has been employed by the Suffolk County Department of Health Services since 1981. In March of 1984 petitioner made a written request to respondent Suffolk County Classification and Salary Appeals Board (Board) to upgrade his salary from Grade 26 to Grade 28, on the ground that pursuant to the classification plan for all positions in the county classified services, petitioner's 2118 position, "Environmental Enforcement Specialist", which involves, *inter alia,* the conducting of certain violation hearings, was established at a lesser grade and salary level than the 2120 position, "Associate Public Health Sanitarian (Hearing Officer)", which involves the administration of hearings concerning Sanitary Code violations, despite the fact that the 2118 position has a higher minimum education requirement, and that the functions and responsibilities of the two positions are essentially the same.

On or about July 16, 1984, an informal hearing was held before the Board on petitioner's request. No minutes were taken at that hearing, but petitioner appeared and submitted papers in support of his position. Thereafter, by letter of the same date, the Board informed petitioner that his request was denied. No reason was given for the denial, and although the Board stated that its decision was "based upon a comparison of the duties, responsibilities, required qualifications, and relationship of appealed positions to others in the County service", it made no findings, nor did it indicate what, specifically, it had considered in reaching its decision. On July 31, 1984, petitioner wrote to the Board requesting, among other things, a statement of the facts underlying the Board's decision. This request, also, was denied, and the Board informed petitioner by letter dated August 8, 1984, that it "does not divulge its reasons for denying an appeal".

Petitioner then commenced the instant proceeding, which was transferred to this court pursuant to CPLR 7804 (g) to review hereon a question of substantial evidence. The Board's determination cannot be reviewed where the instant record gives no indication of what facts or evidence, if any, were relied upon by the Board in making it. "Findings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination" *(Matter of Gilbert v Stevens,* 284 App Div 1016; *see also, Matter of Barry v O'Connell,* 303 NY 46, 51;

*Matter of New York Water Serv. Corp. v Water Power & Control Commn.*, 283 NY 23, 31; *Sidor v New York State Dept. of Social Servs.*, 32 AD2d 944, 945). This matter herein must, therefore, be remitted to the Board for the making of findings, without which its determination cannot properly be reviewed. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.