■ In the Matter of PATRICK PERRELLA, Petitioner, v SUFFOLK COUNTY CLASSIFICATION AND SALARY APPEALS BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Classification and Salary Appeals Board (hereinafter the board), dated July 16, 1984, which, after an informal hearing at which no minutes were taken, denied the petitioner's request to upgrade the salary of his position. By order of this court dated February 3, 1986, the matter was remitted to the board for the making of findings of fact *(see, Matter of Perrella v Suffolk County Classification & Salary Appeals Bd.,* 117 AD2d 603). The board has now complied.

Justice Kunzeman has been substituted for former Justice Lazer *(see,* 22 NYCRR 670.2 [c]).

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

This court remitted the instant matter to the board for the making of findings with respect to the board's denial of the petitioner's request to upgrade the salary of his position based upon the conclusion that the board's determination could not be reviewed since the record gave "no indication of what facts or evidence, if any, were relied upon by the Board" *(Matter of Perrella v Suffolk County Classification & Salary Appeals Bd., supra,* at 604) in reaching its conclusion. The board, pursuant to our order, has now filed its findings, which reveal that in making its decision it considered the job comparison sheet filed by the petitioner at the hearing, the petitioner's oral presentation, and the job specifications of the two positions in issue. The board found, after reviewing the foregoing evidence, that demonstrable differences existed between the two positions, particularly in the area of supervisory experience.

Review of the board's findings and conclusion discloses that it considered all aspects of the petitioner's salary reclassification appeal and based its decision upon discernible distinctions in the qualifications of the two positions. After considering the petitioner's contentions in light of the foregoing, we are now able to conclude that the board's decision was neither arbi-

trary and capricious nor an abuse of discretion. Accordingly, we confirm its determination *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of .Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228).* Bracken, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.