In the Matter of MARY P. KLUGLEIN, Petitioner, v HOLLIS W. SHAW, Respondent. (Proceeding No. 1.) In the Matter of MARY P. KLUGLEIN, Petitioner, v FRED A. MCCORMACK, Respondent. (Proceeding No. 2.)—Consolidated proceedings pursuant to CPLR article 78 (1) to review a determination of the respondent Shaw, dated April 15, 1983, which, after a hearing, found the petitioner guilty of misconduct and incompetence and which dismissed her from her position as Chief of Service at the Wassaic Developmental Disabilities Services Office (proceeding No. 1), and (2) to review a determination of the respondent McCormack, dated March 17, 1986, which, after a hearing, confirmed the determination of the respondent Shaw (proceeding No. 2).

Adjudged that the determinations are confirmed and the proceedings are dismissed on the merits, without costs or disbursements.

The record reveals substantial evidence to support the determinations of the Hearing Officer and the respondent Hollis Shaw that the petitioner persistently engaged in misconduct and was incompetent even after she was warned and counseled about her behavior *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Mr. Shaw testified that, prior to signing the charges against the petitioner, he discussed them with the facility's personnel officer and deleted one that he considered "picayune". This involvement does not mandate disqualification *(see, Matter of Agugliaro v Commissioner of Dept. of Transp. of State of N. Y.,* 135 AD2d 711).

Mr. McCormack's determination that Mr. Shaw did not influence the witnesses or the Hearing Officer was also supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra).*

Considering the petitioner's position as a manager and the magnitude of her offenses, the penalty of dismissal was not "so disproportionate * * * as to be shocking to one's sense of fairness" *(Matter of Stolz v Board of Regents,* 4 AD2d 361, 364; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

We have considered the petitioner's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.