■ VIRGINIA B. STANTON, Appellant, v BOARD OF TRUSTEES OF THE GARDEN CITY PUBLIC LIBRARY, Respondent.—In an action pursuant to 42 USC § 1983, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), entered July 28, 1988, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment, and thereupon dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, the former director of the Garden City Public Library, commenced this action pursuant to 42 USC § 1983 against the Board of Trustees of the Garden City Public Library. She contends that she was deprived of due process of the law because the members of the defendant who voted to terminate her employment had also participated in the underlying investigation of charges of misconduct which had been brought against her. The plaintiff further asserts that these members of the defendant were improperly influenced by those members who had testified against her at the administrative hearing but who did not vote on the question of whether to terminate her employment.

We find the plaintiff's contentions to be devoid of merit. Although a "fair trial in a fair tribunal is a basic requirement of due process" *(In re Murchison,* 349 US 133, 136), it has also been recognized that " '[m]ere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not * * * disqualify a decision-maker' " *(Hortonville Dist. v Hortonville Educ. Assn.,* 426 US 482, 499; *see, Trade Commn. v Cement Ins.,* 333 US 683; *Brasslett v Cota,* 761 F2d 827).

The defendant was authorized, under Civil Service Law § 75 (2), to conduct a disciplinary hearing concerning the charges of misconduct pending against the plaintiff. The defendant, instead, elected to have an independent Hearing Officer preside at the hearing. The actions of the defendant in this regard evidence a desire to minimize the possibility of bias

which might result from the overlapping investigatory and adjudicative functions of the defendant. Moreover, the members of the defendant, who testified at the hearing, abstained from the ultimate vote.

Under the circumstances, we find that the plaintiff has failed to demonstrate that she was deprived of a fair hearing due to the alleged bias of the members of the defendant.

We have examined the plaintiff's remaining contention and find it to be equally unavailing (see, Matter of Wallace v Murphy, 21 NY2d 433). Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.