■ In the Matter of LORETTA LANGHORNE, Petitioner, v NORWOOD E. JACKSON, as Commissioner of the Department of Correction of the County of Westchester, et al., Respondents.

[614 NYS2d 627] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondents which terminated petitioner's employment.

Petitioner was employed by respondent County of Westchester at its correctional facility. In July 1991, disciplinary charges pursuant to Civil Service Law § 75 were preferred against petitioner charging her with misconduct and insubordination. Specification 5 of the charges alleged that petitioner physically attacked her supervisor by hitting and choking her, while specification 6 alleged that petitioner verbally yelled at her supervisor, using obscene language. Following an administrative hearing, the Hearing Officer sustained the charges contained in specifications 5 and 6 and recommended dismissal.* Respondent Westchester County Commissioner of Correction adopted the Hearing Officer's findings and recommendation and terminated petitioner's employment. Petitioner then initiated this CPLR article 78 proceeding which has been transferred to this Court.

Petitioner's initial argument is that the Hearing Officer's findings are inadequate. It is axiomatic that administrative findings of fact must be made in such a manner that the parties may be assured that the decision is based on the evidence in the record, uninfluenced by extralegal considerations, so as to permit intelligent challenge by an aggrieved party and adequate judicial review (see, Matter of Simpson v Wolansky, 38 NY2d 391, 396; Matter of Perrella v Suffolk County Classification & Salary Appeals Bd., 117 AD2d 603). We found this standard satisfied in Matter of Pollman v Fahey (106 AD2d 771), where the Hearing Officer supported his conclusions with citations to the testimony of the witnesses at the administrative hearing.

This case is distinguishable from Pollman (supra) in that, other than the conclusory statement that there was physical contact, the Hearing Officer did not set forth any evidence from the record supporting his finding that the charge in specification 5 was established. Nor did the Hearing Officer refer to any testimony substantiating his finding that petitioner was guilty of the charge in specification 6. In our opinion these findings are inadequate because they do not provide any rationale for the Hearing Officer's determination, thereby precluding adequate judicial review (see, Matter of Barry v O'Connell, 303 NY 46, 52). In such circumstances,

---

* The Hearing Officer dismissed specifications 1 through 4.

remittal is appropriate for the development of appropriate findings *(see, Matter of Naftilos Painting & Sandblasting v Hartnett,* 167 AD2d 700).

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Adjudged that the decision is withheld, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.