■ In the Matter of JAMES MURPHY, Petitioner, v COUNTY OF ULSTER et al., Respondents. [629 NYS2d 877] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondents which terminated petitioner's employment as a security guard.

Petitioner, as so limited by his brief, contends that the determination terminating his employment as a security guard for respondent County of Ulster must be set aside because the notice of discipline contained insufficient information to apprise petitioner of the charges against him and, further, that the penalty of dismissal is disproportionate to the underlying offenses. We disagree.

It is well settled that "in the administrative forum, the

charges need only be reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him [or her] * * * and to allow for the preparation of an adequate defense" (*Matter of Block v Ambach*, 73 NY2d 323, 333 [citation omitted]; *see, Matter of Langhorne v Jackson*, 213 AD2d 909, 909-910). Here, the subject notice charged petitioner with four acts of misconduct—use of abusive language, excessive use of force, possession of a noxious material and carrying a concealed weapon—and our review of the record persuades us that the notice was sufficiently specific to satisfy the standard enunciated in *Matter of Block v Ambach* (*supra*).

In this regard, we note in passing that petitioner did not claim lack of adequate notice, surprise or prejudice at the administrative hearing (*see, Matter of Land v Commissioner of Educ. of State of N. Y.*, 174 AD2d 927, 929), nor does it appear that he requested a bill of particulars (*see, Matter of Pachucki v Walters*, 56 AD2d 677). Additionally, contrary to petitioner's assertion, respondents' failure to cite the specific statutes, rules or regulations alleged to have been violated was not, under the circumstances present here, fatal to the notice of discipline (*see, Matter of Land v Commissioner of Educ. of State of N. Y., supra*, at 929; *Matter of Sguanci v Commissioner of Pub. Works of Broome County*, 158 AD2d 788, 789; *compare, Matter of Bigando v Heitzman*, 187 AD2d 917, 918-919; *Montrois v City of Watertown*, 115 AD2d 298, *appeal dismissed* 67 NY2d 757). Indeed, petitioner conceded at the administrative hearing that he was aware of respondents' policy prohibiting the carrying of a weapon while on duty (*see, Matter of Ehmann v Whalen*, 118 AD2d 1023, 1024, *appeal dismissed* 68 NY2d 663, *lv denied* 68 NY2d 607), and the record indicates that petitioner previously had been charged with misconduct stemming from his use of abusive language. Hence, given the facts of this case, petitioner's assertion that a specific act or misdeed must be embodied in a formal rule or regulation before it may serve as a basis for disciplinary action is unavailing. Petitioner's remaining arguments, including his assertion that the penalty of dismissal was so disproportionate to the underlying offenses as to shock one's sense of fairness, have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.