■ In the Matter of DONALD P. ERNST, Petitioner, v SARATOGA COUNTY et al., Respondents. [651 NYS2d 209] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondents which terminated petitioner's employment with respondent Saratoga County.

Petitioner was employed by respondent Saratoga County in the data processing department from February 1980 until his termination in December 1994; in his most recent position as director of the data processing department, petitioner supervised 13 employees. In March 1994, the Saratoga County Board of Supervisors (hereinafter Board) adopted a resolution preferring disciplinary charges against petitioner under Civil Service Law § 75. Charge I alleged, in 10 separate specifications, that petitioner was guilty of misconduct by engaging in sexual harassment and acting in an inappropriate manner toward his staff. Charge II alleged that petitioner was guilty of misconduct by creating a hostile work environment in violation of the

County's sexual harassment policy. Charge III alleged that petitioner was guilty of incompetence by committing the acts alleged in the first two charges.

A hearing was commenced before a Hearing Officer in May 1994 and completed in September 1994. At the hearing a female subordinate of petitioner, who was employed as an information processing specialist in the data processing department (hereinafter employee No. 1), testified that, *inter alia*, in December 1993 petitioner gave her a gift certificate to Victoria's Secret and then kissed her, without her permission, on the lips. She further testified that petitioner gave her gifts in December 1992 and that in January 1994 petitioner pushed a loose string back into place on her sweater; the loose string was located approximately three inches below her collar bone in the area of her right breast. Employee No. 1 also testified that petitioner asked her to rub his neck, told her he had a dream about her which would embarrass her, and in January 1994 touched her in the area of her hip and thigh. A second female subordinate of petitioner, who was employed by the County as a systems analyst (hereinafter employee No. 2), also testified. Her testimony revealed that, *inter alia*, after taking telephone messages for petitioner, he stated on numerous occasions, "You are my sexretary now." Employee No. 2 also testified that in December 1992 or January 1993 petitioner touched her, rubbed her on the shoulders and stroked her hands. The testimony of petitioner's two female subordinates was corroborated by other witnesses.

Petitioner testified on his own behalf. While denying the charges and minimizing his behavior, he admitted to a number of the alleged acts but denied that his actions constituted sexual harassment or misconduct. The Hearing Officer credited the testimony of the victims and other witnesses and concluded that petitioner's testimony was not credible. The Hearing Officer issued findings of fact and recommendations wherein she found sufficient evidence to sustain charge I, with the exception of one specification, and charge III, but found insufficient evidence to support charge II. She recommended that petitioner be dismissed. The Board, by resolution passed on December 20, 1994, adopted the Hearing Officer's findings and recommendation and dismissed petitioner. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 challenging the Board's determination. Supreme Court transferred the matter to this Court.

Initially, we reject petitioner's contention that he was denied adequate notice of the charges filed against him. Civil Service

Law § 75 mandates that persons facing removal or other disciplinary charges receive written notice of the charges preferred against them and the reasons for those charges (Civil Service Law § 75 [2]). Here, in response to petitioner's motion to compel compliance with his request for a bill of particulars, the Hearing Officer found that specification X of charge I was sufficiently particularized and denied petitioner's motion. It is well established that " 'in the administrative forum, the charges need only be reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him [or her] * * * and to allow for the preparation of an adequate defense' " (*Matter of Murphy v County of Ulster*, 218 AD2d 832, 832-833 [quoting *Matter of Block v Ambach*, 73 NY2d 323, 333], *lv denied* 87 NY2d 804).

Upon our review of the record, we conclude that petitioner received adequate notice. Notably, the Hearing Officer postponed petitioner's cross-examination of the witnesses with regard to the facts alleged in that particular specification until after petitioner's counsel had an opportunity to review the transcript of the witnesses' direct testimony, thereby allowing counsel an opportunity to cross-examine the witnesses after adequate review and preparation; petitioner agreed to this arrangement. Assuming arguendo that the specification was insufficient, it is our view that the direct testimony coupled with the postponement provided petitioner with adequate notice of the allegations (*see, Matter of Cregier v Cassidy*, 205 App Div 774, 776).

During the investigation of the charges petitioner was called to two separate meetings. At the first meeting, he was questioned by the County Director of Personnel; at the second meeting, the attorney for the County on personnel matters suggested that he might want to resign. Petitioner contends that he was interrogated at each of these meetings in violation of his rights to representation under Civil Service Law § 75 (2). He further contends that evidence obtained from these meetings was introduced at the hearing against him. Our review of the record reveals that, although petitioner was questioned by the Personnel Director, the statements he made were not offered at the hearing by or on behalf of respondents. Any testimony with respect to admissions made by petitioner at that meeting was elicited by petitioner's attorney during cross-examination. The attorney for the County testified that petitioner was not interrogated during the subsequent meeting and the record confirms that no statements from petitioner

which were adverse or damaging to his position were introduced at the hearing. There was no attempt by respondents to offer any statements petitioner made against him, nor was there any objection made on behalf of petitioner during the course of the hearing to any of the Personnel Director's testimony on the ground of denial of representation. Further, we conclude that petitioner was not questioned within the meaning of Civil Service Law § 75 (2) during the meeting with the attorney for the County.

We also reject petitioner's assertion that the Hearing Officer was biased and erred in denying his motion seeking her recusal. Petitioner's assertion is based upon an article in a local newspaper prior to the commencement of the hearing, which stated, in pertinent part:

" 'Based on what the attorneys are telling me, I don't believe that the hearing will last any longer than two days' * * *

"[The Hearing Officer] noted, however, that the case appears straightforward and should not consume prolonged amounts of time."

To support a claim of bias, a petitioner must produce evidence which demonstrates that the outcome of the administrative proceeding resulted from the alleged bias (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834, *amended* 74 NY2d 942; *Matter of Warder v Board of Regents*, 53 NY2d 186, 197, *cert denied* 454 US 1125; *Matter of Chace v DeBuono*, 223 AD2d 961; *Matter of Moss v Chassin*, 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* 516 US 861). Here, neither the quote attributed to the Hearing Officer nor the reporter's statement reflect any bias. Further, the record reveals that the parties were allowed ample time to present their evidence.

We do find merit, however, in petitioner's contentions that respondent Michael Sullivan should have recused himself from participating in the Board's final determination and that said determination was not based upon the Board's independent review of the hearing record. Involvement in the disciplinary process does not automatically require recusal (*see, Matter of Agugliaro v Commissioner of Dept. of Transp. of State of N. Y.*, 135 AD2d 711, *lv denied* 72 NY2d 801; *Matter of Kluglein v Shaw*, 149 AD2d 511, *lv denied* 74 NY2d 613). However, persons who are personally or extensively involved in the disciplinary process should disqualify themselves from reviewing the recommendations of a Hearing Officer and from acting on the charges (*see, Matter of Lowy v Carter*, 210 AD2d 408, 409; *Matter of Hicks v Fortier*, 117 AD2d 930; *Matter of Ortiz v*

*Lesser*, 83 AD2d 663, 664; *cf.*, *Stanton v Board of Trustees*, 157 AD2d 712, 712-713).

Here, Sullivan, in his capacity as Chair of the Board of Supervisors, signed the notice of charges pursuant to Civil Service Law § 75. Sullivan also voted to prefer the charges and to appoint the Hearing Officer. Most significantly, he was a witness at the disciplinary hearing. Sullivan's testimony revealed that he contacted and met with the attorney representing the County to discuss the pending investigation. He further testified that he met with the employees in the data processing department on two separate occasions to "relieve their fears" and that he closely monitored the investigation and the rest of the proceedings. In our view, Sullivan was personally and extensively involved as a significant participant in the disciplinary proceeding and erred when he failed to recuse himself from voting on the resolution which sustained the Hearing Officer's findings of fact and recommendations (*see*, *Matter of Wayering v County of St. Lawrence*, 140 AD2d 838, 840; *see also*, *Matter of Memmelaar v Straub*, 181 AD2d 980, 981).

As to petitioner's contention that the Board failed to conduct an independent review of the hearing record, the record reveals that each Board member did not have a complete copy of the transcript prior to the Board rendering its determination. Respondents concede that the only complete copy of the hearing transcript was made available to the Board members at the County Personnel Office and there is nothing in the record to confirm that each member, in fact, reviewed the full transcript. We therefore conclude that the Board failed to make an independent review of the record (*see*, *Matter of Ligreci v Honors*, 162 AD2d 1010; *cf.*, *Matter of Breton v Thompson*, 200 AD2d 923, 923-924, *lv denied* 83 NY2d 756). Accordingly, the determination should be annulled and resubmitted to the Board for its de novo determination on the entire record without Sullivan's participation (*see*, *Matter of Wayering v County of St. Lawrence*, *supra*, at 840). In light of the foregoing, we need not address petitioner's remaining contentions.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.