■ In the Matter of DENIS P. GROVES, Appellant, v AETNA U.S. HEALTHCARE CORP., Respondent. [736 NYS2d 275] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Aetna U.S. Healthcare Corp., dated May 5, 2000, which terminated the petitioner's participation in the respondent's health management organization, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered August 22, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent terminated the petitioner's participation in its health management organization as a primary care physician. Contrary to the petitioner's argument, the respondent's decision was not arbitrary or capricious, and was supported by substantial evidence (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v*

*Board of Educ.,* 34 NY2d 222). The petitioner's contention that the hearing panel that conducted the hearing pursuant to Public Health Law § 4406-d did not make findings of fact is unfounded, as the petitioner conceded the validity of the respondent's reasons for his termination at the hearing. "[F]indings of fact in some form are essential to enable the parties and any appellate court intelligently to determine whether the decision follows as a matter of law from the facts stated as its basis and whether the findings of fact have any substantial support in the evidence" (*Matter of New York Water Serv. Corp. v Water Power & Control Commn.,* 283 NY 23, 30; *Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Perrella v Suffolk County Classification & Salary Appeals Bd.,* 117 AD2d 603). However, here, findings of fact were not necessary. The facts were undisputed and easily discernable from the record for the purposes of formulating a defense to the decision, and for appellate review. Moreover, the defense advanced by the petitioner at the hearing, based on his struggle with depression, was implicitly rejected by the hearing panel, as evidenced by its adoption of the recommendation to terminate the petitioner's services.

The petitioner's remaining contentions are without merit. Ritter, Acting P.J., Smith, Adams and Cozier, JJ., concur.