■ In the Matter of CASSANDRA ETHINGTON, Petitioner, v COUNTY OF SCHOHARIE et al., Respondents. [42 NYS3d 426]—

Aarons, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schoharie County) to review a determination of respondent Schoharie County Board of Supervisors denying petitioner's application for reinstatement to her former petition.

Petitioner was appointed as the personnel officer of respondent County of Schoharie and has served in that position since 2006. In 2014, respondent Schoharie County Board of Supervisors (hereinafter respondent) issued four charges against petitioner, under Civil Service Law § 24 (1), to remove her from her position for cause. Three charges were withdrawn and the remaining charge alleged that petitioner withheld relevant information and materials from the County's labor attorney that would have been pertinent in prior lawsuits involving the County. Respondent, after a hearing on this sole charge, found that cause existed for removal. Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court subsequently transferred the matter to this Court.

Based upon respondent's failure to make any findings of fact, we cannot conduct meaningful review of respondent's determination. " '[A]dministrative findings of fact must be made in

such a manner that the parties may be assured that the decision is based on the evidence in the record, uninfluenced by extralegal considerations, so as to permit intelligent challenge by an aggrieved party and adequate judicial review' " (*Matter of Arthur v Soares*, 95 AD3d 1619, 1621 [2012], quoting *Matter of Langhorne v Jackson*, 206 AD2d 666, 667 [1994]; *see Matter of Pinsley v New York State Racing & Wagering Bd.*, 73 AD2d 756, 756 [1979]; *cf. Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914 [1977]). Here, even though respondent heard testimony from multiple witnesses and considered the admitted documentary evidence, its determination consisted of a one-page verdict sheet. This verdict sheet, which was read at the hearing after respondent's deliberation, merely recited the alleged charge and recorded the number of respondent's members that found that cause existed for removal. More critically, the verdict sheet did not indicate whether respondent made credibility determinations or state what facts or evidence respondent relied upon when making its determination. Under these circumstances, meaningful judicial review cannot be conducted (*see Matter of Langhorne v Jackson*, 206 AD2d at 667; *Matter of Mennis v Amendes Co.*, 56 AD2d 679, 679 [1977]). The matter must therefore be remitted to respondent for the development of appropriate factual findings (*see Matter of Langhorne v Jackson*, 206 AD2d at 668; *Matter of Perrella v Suffolk County Classification & Salary Appeals Bd.*, 117 AD2d 603, 605 [1986]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Adjudged that the decision is withheld, and matter remitted to respondent Schoharie County Board of Supervisors for further proceedings not inconsistent with this Court's decision.