Matter of Alverson v Albany County (2019 NY Slip Op 04805)





Matter of Alverson v Albany County


2019 NY Slip Op 04805


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

527433

[*1]In the Matter of JAMES H. ALVERSON, Petitioner,
v
ALBANY COUNTY et al., Respondents.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Ennio J. Corsi, New York State Law Enforcement Officers Union, District Council 82, AFSCME, AFL-CIO, Albany (A. Andre Dalbec of counsel), for petitioner.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew P. Ryan of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Mulvey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Albany County Sheriff denying petitioner benefits pursuant to General Municipal Law § 207-c.
In 2011, petitioner, a deputy sheriff with respondent Albany County Sheriff's Office, was injured in a work-related motor vehicle accident. Thereafter, while on leave for his injuries, petitioner began receiving pay and benefits pursuant to General Municipal Law § 207-c. In May 2017, respondent Albany County notified petitioner that his benefits were being terminated because a form provided by one of petitioner's physicians indicated that petitioner was able to return to a modified work position. On the same day, the Sheriff's Office offered petitioner a light-duty assignment and informed him that declining the offer may affect continuation of his General Municipal Law § 207-c benefits. Petitioner declined the offer, citing his injuries, and requested a hearing as provided for in the applicable collective bargaining agreement. Following a hearing, a Hearing Officer issued a report and recommendation finding, among other things, that petitioner's benefits were improperly terminated and recommending that they be reinstated retroactively. Respondent Albany County Sheriff rejected the Hearing Officer's report and recommendation without explanation or findings. Petitioner then commenced this CPLR article 78 proceeding seeking, among other things, to annul the Sheriff's determination, and respondents answered. As the petition raised a question of substantial evidence, Supreme Court transferred the matter to this Court (see CPLR 7804 [g]).[FN1]
The Hearing Officer not only made findings of fact but also concluded that respondents committed multiple procedural errors in terminating petitioner's benefits. The Sheriff, in rejecting the Hearing Officer's recommendation, did not provide any explanation or factual findings; indeed, the Sheriff offered no discussion of the procedural or factual issues. "Administrative findings of fact must be made in such a manner that the parties may be assured that the decision is based on the evidence in the record, uninfluenced by extralegal considerations, so as to permit intelligent challenge by an aggrieved party and adequate judicial review" (Matter of Ethington v County of Schoharie, 144 AD3d 1473, 1473-1474 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of United Helpers Care, Inc. v Molik, 164 AD3d 1029, 1031 [2018]). Because we cannot conduct meaningful judicial review due to the Sheriff's failure to make any findings or otherwise specify any basis for the apparent continued termination of petitioner's General Municipal Law § 207-c benefits, we annul the determination and remit the matter to the Sheriff to address the procedural issues and develop appropriate factual findings.
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent Albany County Sheriff for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Contrary to petitioner's arguments, the issue is not whether the Hearing Officer's report and recommendation is supported by substantial evidence; rather, the issue is whether the Sheriff's determination is supported by substantial evidence (see Matter of Simpson v Wolansky, 38 NY2d 391, 394 [1975]; see also Matter of O'Connor v Cutting, 166 AD3d 1099, 1102 [2018]; Matter of Benson v Cuevas, 293 AD2d 927, 930 [2002], lv denied 98 NY2d 611 [2002]).