Matter of Morgan v Warren County (2021 NY Slip Op 01107)





Matter of Morgan v Warren County


2021 NY Slip Op 01107


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

530740

[*1]In the Matter of Ilana Morgan, Petitioner,
v
Warren County et al., Respondents.

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Luibrand Law Firm, PLLC, Latham (Kevin A. Luibrand of counsel), for petitioner.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John D. Wright of counsel), for respondents.



Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Warren County) to review a determination of respondent County Attorney terminating petitioner's employment.
Petitioner was employed as a legal assistant by the attorney's office of respondent Warren County. In 2018, respondent Mary Elizabeth Kissane, the County Attorney and petitioner's supervisor, issued misconduct and incompetence charges against petitioner under Civil Service Law § 75. A hearing was held, after which a Hearing Officer concluded that evidence supported eight of the nine charges and recommended that petitioner be terminated from her employment. Kissane accepted this recommendation and terminated petitioner's employment. Petitioner thereafter commenced this proceeding seeking, among other things, annulment of Kissane's determination. Respondents joined issue, and the proceeding was subsequently transferred to this Court.
Turning first to petitioner's contention that the factual findings were conclusory, the record reflects that Kissane herself did not set forth any factual findings in the termination letter. Notwithstanding the foregoing, she reviewed and accepted the Hearing Officer's findings and, therefore, effectively adopted them as her own (see Matter of Massaria v Betschen, 290 AD2d 602, 604 [2002]). The issue thus distills to whether the Hearing Officer's findings were sufficiently specific. In our view, they were not. "Administrative findings of fact must be made in such a manner that the parties may be assured that the decision is based on the evidence in the record, uninfluenced by extralegal considerations, so as to permit intelligent challenge by an aggrieved party and adequate judicial review" (Matter of Alverson v Albany County, 173 AD3d 1415, 1416 [2019] [internal quotation marks and citations omitted]; see Matter of Simpson v Wolansky, 38 NY2d 391, 396 [1975]). The Hearing Officer made, at most, conclusory statements that petitioner was guilty of the relevant charges. More to the point, he failed to support these conclusions with any factual evidence adduced at the hearing (see Matter of Ethington v County of Schoharie, 144 AD3d 1473, 1474 [2016]; Matter of Bader v Board of Educ. of Lansingburgh Cent. School Dist., 216 AD2d 708, 709 [1995]; Matter of Langhorne v Jackson, 206 AD2d 666, 667 [1994]). In the absence of specific factual findings, meaningful judicial review cannot be conducted. Accordingly, the determination must be annulled and the matter remitted for the development of appropriate findings (see Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 914 [1977]; Matter of Alverson v Albany County, 173 AD3d at 1416).
Respondents argue that the requisite findings may be discerned upon a review of the record. We disagree. Because the determination to terminate petitioner's employment stemmed from a hearing where evidence was taken, we examine whether that determination was supported [*2]by substantial evidence (see CPLR 7803 [4]), "which, in turn, depends upon whether there exists a rational basis in the record as a whole to support the findings upon which the determination is based" (Matter of Paladino v Board of Educ. for the City of Buffalo Pub. Sch. Dist., 183 AD3d 1043, 1046 [2020] [internal quotation marks, brackets and citations omitted]).[FN1] As such, undertaking this review requires that there be sufficient findings of facts in the first instance. Contrary to respondents' assertion, we cannot supply the necessary factual findings upon a review of the hearing evidence given that our "[r]eview is limited to a consideration of the statement of the factual basis for the determination" (Matter of Montauk Improvement v Proccacino, 41 NY2d at 914).
Petitioner also argues that she was denied due process because Kissane extensively involved herself in the hearing and should have disqualified herself. "Although involvement in the disciplinary process does not automatically require recusal,
. . . individuals who are personally or extensively involved in the disciplinary process should disqualify themselves from reviewing the recommendations of a Hearing Officer and from acting on the charges" (Matter of Baker v Poughkeepsie City School Dist., 18 NY3d 714, 717-718 [2012] [internal quotation marks, brackets and citations omitted]; see Matter of Ernst v Saratoga County, 234 AD2d 764, 767 [1996]). That said, "when an officer institutes charges of misconduct and testifies at the ensuing hearing, that officer, in the interest of fairness, must disqualify himself or herself from reviewing the Hearing Officer's recommendations and rendering a final determination" (Matter of Zlotnick v City of Saratoga Springs, 122 AD3d 1210, 1214 [2014] [internal quotation marks, brackets and citation omitted]). The record discloses that Kissane initiated the charges against petitioner, appointed the Hearing Officer and testified as a witness at the hearing. In view of her extensive personal involvement, Kissane should have disqualified herself from acting on the charges (see Matter of Ashe v Town Bd. of the Town of Crown Point, N.Y., 97 AD3d 1022, 1023 [2012]; Matter of Ernst v Saratoga County, 234 AD2d at 768; Matter of Memmelaar v Straub, 181 AD2d 980, 981 [1992]; Matter of Hicks v Fortier, 117 AD2d 930, 930 [1986]). Based on our determination, petitioner's remaining assertions are academic.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent County Attorney for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan (39 AD3d 1041 [2007]), upon which respondents rely, is inapposite inasmuch as it did not involve the review of a determination made after an evidentiary hearing.