Matter of Jereline Z. v Joseph AA. (2022 NY Slip Op 02848)

Matter of Jereline Z. v Joseph AA.

2022 NY Slip Op 02848

Decided on April 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 28, 2022

533163
[*1]In the Matter of Jereline Z., Individually and on Behalf of Sandra AA., an Infant, Respondent,
v
Joseph AA., Appellant.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Assaf & Siegal PLLC, Albany (David M. Siegal of counsel), for appellant.
Law Office of Ellen S. Ross, Johnstown (Ellen S. Ross of counsel), for respondent.
Thomas C. Hall, Troy, attorney for the child.

Egan Jr., J.P.
Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered March 31, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed family offenses, and issued an order of protection.
The parties are the parents of a child (born in 2019). In April 2020, petitioner commenced this family offense proceeding individually and on the child's behalf, claiming that respondent had committed various family offenses in the prior six months, most notably during November 2019 and April 2020 domestic incidents in which he allegedly assaulted petitioner. Following a fact-finding hearing, Family Court issued a January 2021 order finding that respondent had committed acts constituting the family offenses of assault in the third degree and harassment in the second degree during the April 2020 incident. The matter then proceeded to a dispositional hearing, after which Family Court issued a March 2021 order determining that the appropriate disposition was a one-year order of protection in favor of petitioner and the child. Respondent appeals from that order, arguing, among other things, that meaningful review of it is impossible because the transcript of the fact-finding hearing omits potentially significant testimony.[FN1]
The hearing was recorded by an electronic recording system — not a court reporter — and the transcript provided in the record was prepared over seven months later by a commercial transcription service. One of the witnesses called at the hearing was respondent's mother, who witnessed the November 2019 incident and testified as to what she observed. Although the transcript of the hearing included in the record on appeal reflects that counsel posed over 80 questions to respondent's mother and that the parties and Family Court could hear her resulting answers, the transcript provides the witness's answer to only four of those questions, with 77 answers reported as "[i]naudible." Petitioner suggests that the absence of that testimony is immaterial, as respondent's mother testified with regard to the November 2019 incident and Family Court only found that respondent had committed family offenses during the April 2020 incident. Family Court necessarily credited aspects of petitioner's account of the April 2020 incident in making that finding, however, rejecting in the process respondent's argument that the testimony of his mother and other proof showed that petitioner had lied about the November 2019 incident and that, as a result, the account she gave of the April 2020 incident to others and in her testimony could not be relied upon. We cannot assess that argument without the testimony of respondent's mother, which therefore constitutes "a potentially significant portion of the transcript" (Matter of La Van v New York State Dept. of Correctional Servs., 47 AD3d 1153, 1153 [2008]). Thus, as the absence of that testimony makes meaningful appellate [*2]review an impossibility, we reverse and remit for a new hearing (see Matter of Alessio v Burch, 78 AD3d 1620, 1620 [2010]; Matter of Ernest LL. v Rosemary LL., 50 AD2d 706, 707 [1975]; compare Matter of Sanders v Haggett, 72 AD3d 1372, 1373 [2010]).
As the judge presiding over the fact-finding hearing is no longer on the bench, respondent's request for a direction that a new hearing be held before a different judge is academic. We do, however, agree with respondent that Family Court should use a court reporter upon remittal in order to avoid the "unintended results[,] such as unintelligible records of trial proceedings," that arose from the electronic recording of the first hearing (Matter of Shannel P., 42 Misc 3d 1222[A], 2014 NY Slip Op 50154[U], *13 [Fam Ct, Queens County 2014]). Respondent's remaining contentions are academic.
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: We note that the imminent expiration of the order of protection will not render this appeal moot (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; Matter of Heather E. v Christopher F., 189 AD3d 1937, 1937 n [2020]).