Matter of Buffo v New York State Dept. of Motor Vehs. (2024 NY Slip Op 01855)

Matter of Buffo v New York State Dept. of Motor Vehs.

2024 NY Slip Op 01855

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

CV-23-1799
[*1]In the Matter of Shawn Buffo et al., Petitioners,
v
New York State Department of Motor Vehicles et al., Respondents.

Calendar Date:February 21, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

John E. Dorfman, Slingerlands, for petitioners.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents finding petitioners guilty of violating 15 NYCRR 82.5 (g).
In December 2018, a customer enlisted the services of petitioners' repair shop to diagnose a problem with his vehicle. Specifically, the vehicle was locking up and coming to an abrupt stop after driving several feet in reverse. Petitioners determined that the transmission required significant repairs and received permission from the customer to engage in these repairs. Several weeks after the customer had paid for the repairs and retrieved his vehicle, he reported to petitioners that the initial problem persisted. The customer then contacted a friend who diagnosed an issue with the parking brake, repaired it and the problem was resolved. Thereafter, the customer filed a complaint against petitioners with respondent Department of Motor Vehicles (hereinafter DMV). DMV sent an automotive facilities inspector to investigate the complaint, and, after completion of the investigation, DMV charged petitioners, as relevant here, with willfully failing to provide quality repairs pursuant to 15 NYCRR 82.5 (g). Following a hearing before an Administrative Law Judge, the charge was sustained. Upon administrative appeal, DMV's repair shop review board reviewed the transcript of the initial hearing and affirmed the Administrative Law Judge's determination. Petitioners thereafter commenced this CPLR article 78 proceeding seeking to annul the board's determination.
The initial hearing was captured on two audio recordings. As respondents were reviewing the record for this proceeding, DMV's counsel discovered that the appeal board had only received the first audio recording, which consisted of the automotive facilities inspector's testimony. The second audio recording, consisting of the investigator's cross-examination, petitioner Shawn Buffo's testimony and the customer's testimony, was never reviewed by the board. As such, respondents moved to dismiss the proceeding and remand the case to the repair shop review board to allow for a decision to be made on the entire record of the initial hearing. Supreme Court denied the motion and directed respondents to file an answer, with the certified record, and the transcripts of all witnesses. Upon submission of said documents, Supreme Court transferred the matter to this Court.
It is undisputed that the hearing before the Administrative Law Judge was recorded by an electronic recording system, which was then sent to a transcription service, and that the board was only provided one audio recording transcript consisting solely of the automotive facilities inspector's direct testimony. Petitioners argued before the board, and this Court, that they did not act willfully in failing to provide quality repairs under 15 NYCRR 82.5 (g). Although the board credited the inspector's testimony, it obviously did not [*2]consider the inspector's cross-examination nor Buffo's own testimony as to the process undertaken in diagnosing the vehicle's problem and the repairs provided based on the diagnosis of the problem. As such, the board could not properly assess that argument without the testimony of all witnesses (see Matter of Jereline Z. v Joseph AA., 204 AD3d 1346, 1348 [3d Dept 2022]; Matter of Farrell v New York State Off. of the Attorney Gen., 108 AD3d 801, 801 [3d Dept 2013]; Matter of Vano v McGuire, 70 AD2d 540, 540 [1st Dept 1979]. It is imperative that an appeal board's obligatory review, as well as this Court's substantial evidence review, be based "on the entire record" (CPLR 7803 [4)]).
While the transcripts have been provided to this Court, and petitioners argue that the requisite factual findings may be discerned by our review of the entire record, the board is the administrative agency responsible for making the final determination. Our role is to examine whether the board's determination was supported by substantial evidence. "As such, undertaking this review requires that there be sufficient findings of facts in the first instance. Contrary to [petitioners'] assertion, we cannot supply the necessary factual findings upon a review of the hearing evidence given that our review is limited to a consideration of the statement of the factual basis for the determination" (Matter of Morgan v Warren County, 191 AD3d 1129, 1131 [3d Dept 2021] [internal quotation marks, brackets and citation omitted]). Accordingly, the board's determination is annulled and we remit the matter to the repair shop review board for its de novo determination on the entire record (see Matter of Ernst v Saratoga County, 234 AD2d 764, 768 [3d Dept 1996]; Matter of Ligreci v Honors, 162 AD2d 1010, 1010-1011 [4th Dept 1990]; Matter of Vano v McGuire, 70 AD2d at 540).
Clark, J.P., Lynch, Ceresia and Powers, JJ., concur.
ADJUDGED that the determination is annulled, on the law, without costs, and matter remitted to respondents for a de novo determination on the entire record.