■ In the Matter of DAVID HUSSEY, Appellant, v INCORPORATED VILLAGE OF FARMINGDALE et al., Respondents. [674 NYS2d 757] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Farmingdale, dated May 20, 1996, which adopted the recommendation of a Hearing Officer, made after a hearing, finding the petitioner guilty of certain charges of misconduct and incompetence, and terminating his employment as a Motor Equipment Operator in the Incorporated Village of Farmingdale Department of Public Works, the appeal is from an order of the Supreme Court, Nassau County (Ain, J.), entered February 10, 1997, which found that the petitioner was not denied an independent appraisal of the disciplinary proceeding, and transferred the issue of whether the determination was supported by substantial evidence to this Court for determination pursuant to CPLR 7804 (g).

Ordered that the order is affirmed; and it is further,

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits; and it is further,

Ordered that the respondents are awarded one bill of costs.

The petitioner contends that the determination should be annulled because the Village Mayor, who testified against him at the disciplinary hearing, participated in reviewing the Hearing Officer's recommendation. However, there is no evidence in the record that the Mayor participated in the Board of Trustees' review process. Accordingly, the Supreme Court properly concluded that the petitioner was not denied an independent appraisal of the disciplinary proceeding (*cf., Matter of Ernst v Saratoga County,* 234 AD2d 764; *Matter of Lowy v Carter,* 210 AD2d 408).

Furthermore, it is well settled that in order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of LaCanfora v Lloyd,* 229 AD2d 496). Contrary to the petitioner's contention, the hearing record supports the Board's finding that he committed acts of misconduct, which included committing the criminal offense of driving while intoxicated as a felony, driving Village-owned vehicles with a revoked license, and taking an unauthorized leave of absence (*see, Matter of Telesco v Village of Port Chester,* 211 AD2d 723).

Finally, the penalty of dismissal was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.