■ In the Matter of VALERIE GOMEZ, Petitioner, v JOSEPH A. STOUT, as Commissioner of the Westchester County Department of Parks, Recreation and Conservation, et al., Respondents. [858 NYS2d 782]—

Proceeding pursuant to CPLR article 78 to review a determination of Joseph A. Stout, the Commissioner of the Westchester County Department of Parks, Recreation and Conservation, dated November 2, 2005, which, upon a decision of Ralph Butler, the Commissioner of the Westchester County Department of Public Works, as designated agent, adopting the recommendation of a hearing officer dated October 20, 2005, made after a hearing, finding the petitioner guilty of misconduct and incompetence, terminated her employment as assistant games manager, grade VII.

Adjudged that the petition is granted, the determination is annulled, with costs, and the matter is remitted to Joseph A. Stout, the Commissioner of the Westchester County Department of Parks, Recreation and Conservation, for the appointment of a duly-qualified individual authorized to review the recommendation of the hearing officer.

Joseph, A. Stout, the Commissioner of the Westchester County Department of Parks, Recreation and Conservation (hereinafter the Commissioner) properly disqualified himself from reviewing the recommendation of the hearing officer and acting on any of the charges because of his personal involvement with the case. However, the Deputy Commissioner is the only individual authorized to act in the Commissioner's absence (*see* Westchester County Charter § 134.41). Thus, the Commissioner erred in appointing Ralph Butler, the Commissioner of the Westchester County Department of Public Works, to review the recommendation of the hearing officer and render a final determination (*see Matter of McComb v Reasoner,* 29 AD3d 795, 799-800 [2006]). Accordingly, the petition must be granted and the determination terminating the petitioner's employment annulled, and the matter must be remitted to the Commissioner for the

appointment of a duly-qualified individual authorized to review the recommendation of the hearing officer.

In light of our determination, we do not reach the petitioner's remaining contentions. Skelos, J.P., Ritter, Dillon and Dickerson, JJ., concur.