■ In the Matter of JERRY PRIOLEAU, Petitioner, v JOSEPH NICOLETTI, JR., et al., Respondents. [863 NYS2d 496]—

Proceeding pursuant to CPLR article 78 to review a determination of Joseph Nicoletti, Jr., the Commissioner of the White Plains Department of Public Works, dated June 28, 2007, which adopted the recommendation of a hearing officer dated June 25, 2007, made after a hearing, inter alia, finding the petitioner guilty of misconduct and incompetence, and terminated his employment as an assistant sanitation superintendent.

Adjudged that the petition is granted, the determination is annulled, with costs, and the matter is remitted to Joseph Nicoletti, Jr., the Commissioner of the White Plains Department of Public Works, for the appointment of a duly-qualified, impartial decision-maker authorized to review the recommendation of the hearing officer, and for a new determination thereafter in accordance herewith.

Based upon personal involvement in this matter by the respondent Joseph Nicoletti, Jr., the Commissioner of the White Plains Department of Public Works (hereinafter the Commissioner), which included meeting with the petitioner and issuing an oral directive to him which later formed the basis for over 200 specifications of misconduct, as well as the fact that he preferred the subject charges against the petitioner, the Commissioner should have disqualified himself from reviewing the recommendation of the hearing officer and acting on any of the charges (*see Matter of Gomez v Stout*, 51 AD3d 1021 [2008]; *Matter of Chisolm v Copeland*, 29 AD3d 575, 576 [2006]; *Matter of Devany v Rice*, 84 AD2d 565 [1981]; *Sinicropi v Milone*, 80 AD2d 609 [1981]). Accordingly, the petition must be granted and the determination terminating the petitioner's employment annulled, and the matter must be remitted to the Commissioner for the appointment of a duly qualified, impartial decision-

maker authorized to review the recommendation of the hearing officer, and for a new determination thereafter. The new determination should be based upon the original hearing record and the hearing officer's June 25, 2007, findings and recommendations (*see Matter of Devany v Rice*, 84 AD2d 565 [1981]).

The petitioner's contention that the respondents were without jurisdiction to consider the charge of incompetence against him (charge II) is without merit.

In light of our determination, we do not reach the petitioner's remaining contentions. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.