[918 NE2d 99, 889 NYS2d 509]

In the Matter of VALERIE GOMEZ, Respondent-Appellant, v JOSEPH A. STOUT, as Commissioner of the Westchester County Department of Parks, Recreation and Conservation, et al., Appellants-Respondents.

Argued September 16, 2009; decided October 15, 2009

**POINTS OF COUNSEL**

*Charlene M. Indelicato, County Attorney*, White Plains (*Thomas G. Gardiner* and *Stacey Dolgin-Kmetz* of counsel), for appellants-respondents. I. Due to his personal involvement, respondent, Joseph A. Stout, the Commissioner of the Westchester County Department of Parks, Recreation and Conservation, acted properly in disqualifying himself from reviewing the recommendation of the Hearing Officer and acting on any of the charges in this employee disciplinary matter and appropriately designated respondent Ralph Butler, the commissioner of another county department, to act in his place. (*Matter of McComb v Reasoner*, 29 AD3d 795; *Brothers v Florence*, 95 NY2d 290;

*Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead,* 77 NY2d 114; *Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of John P. v Whalen,* 54 NY2d 89; *Matter of Trahan v Jefferson County Dept. of Social Servs.,* 281 AD2d 984; *Matter of Norton v Village of Phoenix Bd. of Trustees,* 245 AD2d 1143; *Matter of Sander v Owens,* 82 AD2d 968; *Matter of Reed v Town of Huntington,* 186 AD2d 745; *Matter of Chisolm v Copeland,* 29 AD3d 575.)

*Lovett & Gould, LLP,* White Plains (*Jonathan Lovett* and *Kim Berg* of counsel), for respondent-appellant. I. The Second Department correctly granted the petition and annulled respondents' determination but erred in not restoring petitioner to the status quo ante by directing her reinstatement with back pay and benefits. (*Matter of Wiggins v Board of Educ. of City of N.Y.,* 60 NY2d 385; *Sinicropi v Milone,* 80 AD2d 609; *Matter of Klein v Department of Mental Hygiene of State of N.Y.,* 15 AD2d 562; *Matter of Blount v Forbes,* 250 App Div 15; *Locust Club of Rochester v City of Rochester,* 48 Misc 2d 763; *People ex rel. Hayes v Waldo,* 212 NY 156; *Matter of Perez v New York State Dept. of Labor,* 244 AD2d 844; *Matter of Tanner v County of Nassau,* 88 AD2d 661; *Wind v Green,* 78 AD2d 695; *Matter of Farrell v Dowling,* 90 AD2d 849.) II. The Second Department correctly concluded that respondent Joseph A. Stout was required to delegate his decision-making authority to a deputy and that Stout's delegation of authority to Commissioner Ralph Butler was unlawful. (*Matter of McComb v Reasoner,* 29 AD3d 795; *Matter of Martin v Platt,* 191 AD2d 758; *Matter of Sassone v New York State Thruway Auth.,* 171 AD2d 308; *Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Correia v Incorporated Vil. of Northport,* 12 AD3d 599; *Matter of Pryor v O'Donnell,* 262 AD2d 648; *Matter of DiMattina v LaBua,* 262 AD2d 409; *Matter of Brundage v Yonkers Parking Auth.,* 220 AD2d 411; *Matter of Lowy v Carter,* 210 AD2d 408; *Matter of Wayering v County of St. Lawrence,* 140 AD2d 838.)

**OPINION OF THE COURT**

CIPARICK, J.

Petitioner Valerie Gomez has worked for Westchester County since 1979. On January 17, 2001, she began working as an assistant games manager at Rye Playland—an amusement park owned by the County of Westchester and operated by its Department of Parks, Recreation and Conservation. However, on or about May 2, 2002, petitioner was served with disciplinary

charges pursuant to Civil Service Law § 75 alleging she had committed 43 specifications of misconduct and/or incompetence.

At petitioner's disciplinary proceeding,[1] her employer, respondent Joseph A. Stout, Commissioner of the Westchester County Department of Parks, Recreation and Conservation, and members of his family testified about an alleged incident that occurred at Rye Playland's skating rink in April 2002.[2] The Hearing Officer sustained all 43 charges against petitioner and recommended that petitioner should be terminated from her employment.

Stout, being conflicted as he and family members had testified at the hearing, designated respondent Ralph Butler, the Commissioner of the Westchester County Department of Public Works, to review the hearing record and to render the final determination as to whether petitioner would be disciplined. Butler agreed with the recommendation of the Hearing Officer and determined that petitioner should be terminated from her employment. In a letter dated November 2, 2005, Stout notified petitioner of Butler's determination and informed her that she was terminated.

Petitioner commenced this CPLR article 78 proceeding in Supreme Court challenging the termination of her employment. She sought annulment of the determination and retroactive reinstatement to the county payroll as an assistant games manager, grade VII, effective November 2, 2005, the date of termination. Pursuant to CPLR 7804 (g), Supreme Court transferred the matter to the Appellate Division.

The Appellate Division granted the petition and annulled the determination terminating her employment on jurisdictional grounds. The court concluded that Stout erred, after properly disqualifying himself, when he designated Butler to act as his agent for the purpose of reviewing the report and recommendation of the Hearing Officer and issuing the final determination. The Appellate Division held that, pursuant to Westchester

1. Petitioner's disciplinary hearing began on November 25, 2002 and was completed on April 13, 2005.

2. It was alleged, among other things, that she had been discourteous in dealing with customers, changed her scheduled shifts without authorization, failed to record her breaks, violated the Parks Department attendance policy by signing out before the end of her scheduled shifts, failed to punch her time sheet, failed to register or record items she had sold on behalf of the Parks Department and committed other violations of Parks Department standard operating procedures.

County Charter § 134.41[3] and Civil Service Law § 75, the only individual authorized to act in his absence was his Deputy Commissioner.

The court remitted the matter back to Commissioner Stout "for the appointment of a duly-qualified individual authorized to review the recommendation of the hearing officer" (51 AD3d 1021, 1021-1022 [2d Dept 2008]). The court did not address the issues of whether petitioner was entitled to reinstatement or back pay and benefits. Neither did the court conduct a substantial evidence review as it annulled the determination on jurisdictional grounds. We granted both sides leave to appeal and now modify the order of the Appellate Division.

Civil Service Law § 75 (2) states, in pertinent part, that an employee disciplinary proceeding

> "shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose. In case a deputy or other person is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision."

Relying on the statute, the County asserts that Commissioner Stout's recusal and the designation of Butler was necessary in order to avoid the appearance of impropriety and that Stout's designation of Butler was lawful.

The language of Civil Service Law § 75 (2) clearly provides that, where the officer or body having power to remove an employee designates someone else to conduct a hearing, the record shall "be referred to such officer or body for review and decision." It makes sense that the decision whether sanctions against an employee are warranted should be made by an official that has knowledge of the employee's duties and responsibilities, as well as an understanding of what disciplinary measures have been previously imposed on other employees for similar types of infractions. Although it is true that Civil Service Law § 75 (2) does not explicitly state what the officer or

---

**3.** Westchester County Charter § 134.41 requires that "[t]he commissioner shall appoint a deputy commissioner who shall act for the commissioner in the case of his absence or inability to perform his duties."

body should do where a disqualifying conflict exists, it clearly requires that the power to discipline be delegated, if necessary, within the governmental department's chain of command.

Indeed, we have held it essential that any determination as to whether misconduct occurred and the appropriate penalty to be imposed be made by "the official upon whom has been imposed the power to remove or mete out the discipline" (*Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]). However, in order to ensure a civil servant a fair hearing, courts have crafted an exception requiring the conflicted officer or body bearing the responsibility of discipline to designate an impartial agent authorized to act in his or her stead (*see e.g. Matter of McComb v Reasoner*, 29 AD3d 795, 799-800 [2d Dept 2006]; *Matter of Martin v Platt*, 191 AD2d 758 [3d Dept 1993], *lv denied* 82 NY2d 652 [1993]). That delegation can only be made to a qualified individual.

The County urges us to hold that the judicially created exception encompasses the ability to appoint an agent with duties comparable to those of the recusing officer even where the designee has no supervisory authority over that particular employee. We reject the County's arguments and decline to expand this judicially created exception to allow a personally involved officer or body unfettered discretion to designate a municipal department head with no supervisory authority over the affected employee. In this case, Westchester County Charter § 134.41 requires Commissioner Stout to designate a Deputy Commissioner within his own department to act for him in situations where he is either absent or unable to perform his duties. Thus, we conclude that the Appellate Division was correct in annulling Commissioner Butler's determination and in remitting the matter to Commissioner Stout to appoint a duly-qualified individual—here the Deputy Commissioner—to render a determination on the same hearing record.

Petitioner also seeks reinstatement with back pay and benefits. The County argues that any award of back pay and benefits should await the determination of Commissioner Stout's new designee, and should not be awarded at all unless the new penalty imposed, if any, is less severe than termination. We disagree and hold that petitioner is entitled to be reinstated with back pay and benefits.

■ In *Matter of Wiggins v Board of Educ. of City of N.Y.* (60 NY2d 385 [1983]) we stated that

"[a] disciplinary proceeding will be voided and the *status quo ante* restored when there has been some error that taints the entire proceeding. This would not be an isolated mistake, but rather would strike at fundamental concerns such as jurisdiction or bias of the presiding officers" (*id.* at 388-389).

Further, in *Matter of Sinicropi v Bennett* (60 NY2d 918 [1983]), we applied the principle stated in *Wiggins* to a case in which a determination of dismissal had been annulled for procedural error, but a later order of dismissal was upheld. We decided that the employee was entitled to back pay for the period between the earlier and later termination decisions. We conclude that *Wiggins* and *Sinicropi* control this case, and petitioner here is entitled to back pay, even if the proceedings against her eventually lead to termination of her employment.

Hence, we conclude that this matter should be remitted to Supreme Court for an order restoring petitioner's employment with the Westchester County Parks Department as an assistant games manager, grade VII, and to determine the amount of back pay and benefits owed to her. As the determination here was annulled, we need not consider the merits of the underlying disciplinary proceeding and whether the determination was supported by substantial evidence.

Accordingly, the order of the Appellate Division should be modified, with costs to petitioner, by remitting to Supreme Court for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

SMITH, J. (concurring). I join the Court's unanimous opinion, but write separately to express my unhappiness with the result we are forced to reach.

Petitioner was dismissed from her position in November 2005. A Hearing Officer has recommended that her dismissal be upheld. For the reasons the Court's opinion explains, a Deputy Commissioner must now decide whether to follow that recommendation. But even if the recommendation is followed, petitioner will still get back pay for the four years following her dismissal—four years during which she has not done a day's work for the County. If the dismissal was justified, this is surely an excessive burden to impose on the County for a procedural error.

But the result is compelled by our decision in *Matter of Sinicropi v Bennett* (60 NY2d 918 [1983]). *Sinicropi* seems wrong to

me. It also seemed wrong to Justice O'Connor, who wrote the Appellate Division decision that we affirmed in that case (*Sinicropi v Bennett*, 92 AD2d 309 [2d Dept 1983]). Though believing himself bound by precedent, Justice O'Connor—dissenting persuasively from his own holding—pointed out that the decisions allowing back pay in situations like this unjustifiably expand the relief that would have been available at common law. The remedy for an employee whose dismissal is procedurally flawed should be prompt reinstatement, not pay for no work. Justice O'Connor argued for the principle that, until and unless an employee is reinstated, "no claim for back pay [should] be honored even if the employee's dismissal [is] declared invalid" (*id.* at 316).

Justice O'Connor invited a "re-examination" of the analysis on which the precedents he thought himself bound to follow were based (*id.* at 310). Unfortunately, our Court did not accept the invitation. We affirmed in a one paragraph memorandum, with the conclusory statement that the discharged employee was entitled to "the salary she would have earned for the period between the original termination decision (which was annulled) and the subsequent termination decision" (60 NY2d at 920). I think this was a mistake, but there is nothing we can do about it now. The problem is one that only the Legislature can fix.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur with Judge CIPARICK; Judge SMITH concurs in a separate opinion.

Order modified, etc.