■ In the Matter of ARTHUR ROOSA, Petitioner, v THOMAS BELFIORE et al., Respondents. [895 NYS2d 131]—

The petitioner worked for the Westchester County Department of Emergency Services (hereinafter the DES) as a Communication Operator and was "responsible for primary dispatch for a portion of the County's fire and EMS services." In November 2006, disciplinary charges were filed against the petitioner for, among other things, violating the policy of the DES forbidding personal use of computers. A hearing officer

was appointed by the respondent Anthony Sutton, the Commissioner of the DES (hereinafter the Commissioner). The Commissioner testified at the hearing as a witness against the petitioner. Following the hearing, the hearing officer sustained four of the specifications of misconduct, noting that the petitioner ignored the Commissioner's instructions and engaged in egregious behavior. The hearing officer recommended that the petitioner be terminated from his employment.

The Commissioner recused himself from reviewing the recommendation of the hearing officer because, inter alia, he had testified at the hearing. The sole deputy commissioner was also disqualified from reviewing the recommendation because he was biased in favor of the petitioner. The Commissioner then designated Thomas Belfiore, the Commissioner of the Westchester County Department of Public Safety, to act as his agent to review the hearing officer's recommendation and render a final determination. The hearing officer's recommendation was adopted and the petitioner was terminated from his employment.

The petitioner commenced this proceeding pursuant to CPLR article 78 challenging the termination of his employment. He sought annulment of the determination, and restoration of his benefits and back pay.

The Civil Service Law requires that the determination with respect to an employee's status be made by the officer who has authority to remove the employee (see Civil Service Law § 75 [2]; *Matter of McComb v Reasoner*, 29 AD3d 795, 799 [2006]). Civil Service Law § 75 "clearly requires that the power to discipline be delegated, if necessary, within the governmental department's chain of command" (*Matter of Gomez v Stout*, 13 NY3d 182, 187 [2009]). In this case, Belfiore had no supervisory authority over the petitioner. It is "essential that any determination as to whether misconduct occurred and the appropriate penalty to be imposed be made by 'the official upon whom has been imposed the power to remove or mete out the discipline' " (*id.* at 187, quoting *Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]), but there is an exception "requiring [a] conflicted officer or body bearing the responsibility of discipline to designate an impartial agent authorized to act in his or her stead" (*Matter of Gomez v Stout*, 13 NY3d at 187; see *Matter of McComb v Reasoner*, 29 AD3d at 799-800; *Matter of Martin v Platt*, 191 AD2d 758 [1993]). Nonetheless, that exception does not grant the Commissioner the "ability to appoint an agent with duties comparable to those of the recusing officer even where the designee ha[d] no supervisory authority over that

particular employee" (*Matter of Gomez v Stout*, 13 NY3d at 187). Accordingly, the Commissioner erred in appointing Belfiore to review the recommendation of the hearing officer and render a final determination.

Moreover, under the circumstances, the petitioner is entitled to back pay and benefits, even if the proceedings against him eventually lead to termination of his employment (*id.* at 188; *Matter of Sinicropi v Bennett*, 60 NY2d 918 [1983]; *Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385 [1983]).

Accordingly, the petition must be granted and the determination terminating the petitioner's employment annulled, and the matter must be remitted to the Commissioner for the appointment of a duly-qualified individual authorized to review the recommendation of the hearing officer, and for a new determination thereafter.

In light of our determination, we do not reach the petitioner's remaining contentions. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.