■ In the Matter of TERRY GUYNUP, Petitioner, v COUNTY OF CLINTON et al., Respondents. [903 NYS2d 580]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Michael E. Zurlo which terminated petitioner's employment.

In October 2008, petitioner, a lieutenant with 14 years of service with the Clinton County Sheriff's Department, was charged pursuant to Civil Service Law § 75 with misconduct, incompetence and insubordination. Specifically, on September 11, 2008, an order of protection was issued by Family Court, Clinton County, requiring petitioner to, among other things, surrender any firearms in his possession after his wife, in an ex parte application, alleged that two years earlier petitioner had brandished a rifle in the family home while intoxicated and threatened to shoot respondent David Favro, the Clinton County Sheriff. The wife, who at the time of her application had separated from petitioner and was seeking a divorce, claimed that she had a brief struggle with petitioner over the weapon but was ultimately able to disarm him. When Majors Michael

Smith and Robert Craig of the Sheriff's Department served the order requiring that he surrender all of his firearms, petitioner was alleged to have become upset and stated "no f . . . ing way are you taking my guns. I will go home right now, load those f . . . ers and I will be waiting."

After petitioner was formally charged with four separate violations alleging misconduct, insubordination and incompetence, the matter was referred to a Hearing Officer appointed by Favro to conduct a hearing on the charges and file a report containing findings of fact as well as recommendations as to what penalty, if any, should be imposed based on those factual determinations (*see* Civil Service Law § 75 [2]). A hearing was conducted and a report was subsequently issued in which the Hearing Officer found that petitioner was guilty of insubordination and misconduct as a result of his outburst at the Sheriff's Department at the time the order of protection was served and of incompetence because petitioner could no longer properly perform his duties within the Sheriff's Department as a result of the order's prohibition barring him from carrying a firearm.[1] The Hearing Officer dismissed the charge regarding the threat that petitioner was alleged to have directed at Favro because, if made, it occurred more than 18 months before the disciplinary charges were filed and, as a result, was untimely (*see* Civil Service Law § 75 [4]).[2] Based on these findings, the Hearing Officer recommended that petitioner be required to participate in an employee assistance program and be suspended without pay for 30 days.

Upon receipt of this report, Favro disqualified himself from any further participation in the proceeding and deputized respondent Michael E. Zurlo, the Clinton County Administrator, delegating to him the authority to review the report, determine if its findings were supported by substantial evidence and decide what penalty, if any, should be imposed upon petitioner. Zurlo not only adopted the Hearing Officer's findings that petitioner was guilty of misconduct, insubordination and incompetence, but also determined that the wife's testimony was credible and that petitioner had, in fact, threatened Favro. As for the delay in bringing this charge, Zurlo found that petitioner had engaged in criminal conduct while struggling with his wife over the

---

**1.** Shortly after the order was served, Family Court granted petitioner's request that it be amended to allow him to carry a firearm while on duty with the Sheriff's Department.

**2.** A fourth charge was filed against petitioner alleging that he had made derogatory public comments about the Sheriff's Department, but was dismissed when no evidence was presented at the hearing to support this charge.

firearm and, as a result, the statutory time period within which this proceeding had to be commenced did not apply (*see* Civil Service Law § 75 [4]). Zurlo rejected the Hearing Officer's recommendation regarding the penalty to be imposed and, instead, directed that petitioner be terminated from his position with the Sheriff's Department. In response, petitioner commenced this CPLR article 78 proceeding challenging the legality of Zurlo's appointment by Favro, and claimed not only that the charge regarding the threat to Favro was untimely, but also that Zurlo's findings were not supported by substantial evidence. Supreme Court transferred this proceeding to this Court for our review (*see* CPLR 7804 [g]).

Initially, petitioner challenges Zurlo's designation by Favro claiming that he was not qualified to conduct this review because he was not an officer within the Sheriff's Department "who has authority to remove" and terminate a Department employee (*Matter of Roosa v Belfiore*, 69 AD3d 945, 946 [2010]; *see* Civil Service Law § 75 [2]). However, where a civil service proceeding has been commenced and a conflict exists that implicates the appointing authority's ability to be fair and impartial, a third party with "supervisory authority over that particular employee" may be designated to review a Hearing Officer's report and, upon such a review, make determinations concerning the employee's status (*Matter of Gomez v Stout*, 13 NY3d 182, 187 [2009]; *see Matter of Roosa v Belfiore*, 69 AD3d at 946). Here, the conflict for Favro was self-evident and required that he disqualify himself from conducting the necessary review of the findings and recommendations made by the Hearing Officer in his report. In addition, the only officers within the Department, aside from Favro, who had command authority over petitioner were Craig and Smith, and each was disqualified because of his status as a material witness who testified at the hearing. In fact, given the specifics of the charges filed against petitioner and, in particular, the claim that he had threatened Favro, the entire Sheriff's Department was similarly affected and fundamental fairness dictated that someone with responsibilities involving the Sheriff's Department but not part of its command structure be appointed to conduct this review. Favro not only had the authority to deputize Zurlo, the County Administrator, and make him a member of the Sheriff's Department, but also had the right to delegate to him the authority to conduct this review. In addition, Favro, in choosing the County Administrator, picked a County official who, pursuant to county law, had administrative responsibilities that clearly impacted upon the daily operation of the Sheriff's Department and its personnel (*see* Local Law No. 1 [1980] of County of Clinton §§ 2,

4; *Matter of Eck v County of Delaware*, 36 AD3d 1180, 1181 [2007]).

As for the charges, we do find that substantial evidence exists establishing that petitioner was guilty of misconduct and insubordination based on his reaction when ordered by Sheriff's Department officials to surrender his firearms, as well as incompetence because he was no longer able to legally carry a firearm and, therefore, could not properly perform his duties within the Sheriff's Department (*see Matter of Sindoni v County of Tioga*, 67 AD3d 1183, 1184 [2009]; *Matter of Perryman v Village of Saranac Lake*, 64 AD3d 830, 834 [2009]; *Matter of Longton v Village of Corinth*, 57 AD3d 1273, 1274 [2008], *lv denied* 13 NY3d 709 [2009]). However, we agree with the Hearing Officer that the charge alleging that petitioner threatened Favro was untimely and should have been dismissed. In that regard, Civil Service Law § 75 (4) requires that a removal or disciplinary proceeding be commenced within 18 months after the acts that form the basis of the charges have occurred, unless the conduct in question involves the commission of a crime (*see Matter of Langler v County of Cayuga*, 68 AD3d 1775, 1776 [2009]; *Matter of Wilson v Town of Minerva Town Bd.*, 65 AD3d 788, 789 [2009]; *Matter of McKinney v Bennett*, 31 AD3d 860, 861 [2006]; *Matter of Wade v Town of Ticonderoga Town Bd.*, 256 AD2d 860, 861 [1998], *lv denied* 93 NY2d 804 [1999]). Here, the threat petitioner is alleged to have uttered occurred more than two years before any charge was filed. However, respondents contend that in the struggle with his wife over the firearm, petitioner committed the crimes of menacing in the third degree and reckless endangerment in the second degree, thereby rendering the statutory time limits within which such a charge may be brought inapplicable to this proceeding.

To have committed the crime of reckless endangerment, evidence must be presented that petitioner, during the struggle with his wife, "recklessly engage[d] in conduct which create[d] a substantial risk of serious physical injury to another person" (Penal Law § 120.20). Serious physical injury is defined as "physical injury which creates a substantial risk of death" (Penal Law § 10.00 [10]). Here, no evidence was presented establishing that, during the struggle, the rifle was loaded with ammunition or that petitioner threatened his wife with it. In fact, petitioner not only denies that a struggle took place, but testified that the rifle he is alleged to have brandished was not loaded and that live ammunition was not kept in the family home. Absent some evidence to the contrary, and none was presented at the hearing, the crime of reckless endangerment on

these facts could not have been committed. As for the crime of menacing, proof must be presented that petitioner, during the struggle, intentionally placed or attempted to place another person in fear of death, imminent serious physical injury or physical injury (see Penal Law § 120.15). Petitioner never threatened his wife during the struggle—in fact, what threats he is alleged to have made were directed at Favro, who was not present and only learned of them two years later when the wife made her claim in Family Court. As a result, even if the wife's testimony regarding the threats and ensuing struggle are fully accepted, the crimes of reckless endangerment and menacing were not committed by petitioner and the statutory exception to the 18-month rule does not apply. Therefore, this charge alleging that petitioner had threatened Favro must be dismissed as untimely.

Finally, Zurlo never specified the penalty to be imposed for each charge for which he found petitioner guilty. Given that the principal charge filed against petitioner—the threat to Favro—has been dismissed, the matter must be remitted for redetermination of the penalty to be imposed on those charges of which petitioner now stands guilty (see Matter of Bayer v New York State Dept. of Labor, 28 AD3d 865, 867 [2006]; Matter of Rounds v Town of Vestal, 15 AD3d 819, 823 [2005]). As a result of the remittal, petitioner's challenge to the penalty imposed as being excessive is academic.

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of disciplinary charge two and as imposed a penalty; matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.