■ In the Matter of MARY M. ZLOTNICK, Petitioner, v CITY OF SARATOGA SPRINGS et al., Respondents. [997 NYS2d 809]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent Commissioner of Accounts for the City of Saratoga Springs which terminated petitioner's employment.

In December 2010, petitioner began working as a real property clerk for respondent City of Saratoga Springs Department of Accounts. Petitioner was assigned a series of administrative tasks that included taking phone calls from members of the public, wherein she was permitted to provide information and answer "basic questions" about the assessment or exemption process. After a few months in this position, petitioner developed concerns regarding the manner in which condominium owners residing in the City of Saratoga Springs, Saratoga County were being assessed; specifically, petitioner believed that a particular individual representing certain condominium owners was receiving preferential treatment from the City's Assistant Assessor, Anthony Popolizio, and was obtaining assessment reductions for her clients without going through a formal grievance process. Petitioner initially expressed her concerns to the City's Deputy Commissioner of Accounts, Sharon Kellner-Chille, who, in turn, contacted respondent Commissioner of Accounts for the City of Saratoga Springs, John P. Franck. The Commissioner then met

with petitioner, explained the difficulties that respondent City of Saratoga Springs had experienced with condominium assessments in the past and advised her that the representative in question was participating in an informal—and entirely permissible—grievance process.[1] Petitioner remained unpersuaded, however, and ultimately brought her suspicions regarding this procedure to, among others, the Saratoga County District Attorney and the Attorney General.

In June 2012, the Commissioner preferred disciplinary charges against petitioner, alleging that she had violated City policy by making personal use of the Internet during working hours, and suspended her for a period of one week. A hearing was held in August 2012 and, at the conclusion thereof, the Commissioner adopted the Hearing Officer's finding of guilt and imposed a one-week suspension and loss of pay—said penalty to be satisfied by the previously imposed suspension. During the course of that hearing, petitioner testified as to her ongoing concerns regarding the manner in which condominium assessments were being reduced. Upon reviewing a transcript of petitioner's testimony, the Commissioner again investigated petitioner's allegations and, in so doing, "looked at every [assessment] reduction from December 27, 2010 through mid August 2012 to [ascertain] if they were done properly."

By letter dated August 24, 2012, petitioner was advised of the Commissioner's intention to take additional disciplinary action against her, and petitioner thereafter was provided with a notice of discipline setting forth five specifications of misconduct and/or insubordination. Petitioner was suspended for 30 days without pay and, following a lengthy hearing, the Hearing Officer issued a report sustaining three of the five preferred charges and recommended that petitioner be terminated from her employment. The Commissioner upheld the Hearing Officer's recommendation and terminated petitioner from her position, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

Petitioner initially contends that the charges set forth in the underlying notice of discipline were so vague as to deprive her of a fair hearing. As the Hearing Officer in this matter aptly observed, the notice of discipline and the subsequently furnished bill of particulars "could have been more illuminating." That said, the notice of discipline and the individual charges at issue "need only be reasonably specific, in light of all the relevant cir-

---

1. In conjunction therewith, the Commissioner conducted an initial investigation, spoke with Popolizio and "satisfied" himself that "everything was being done above board."

cumstances[,] to apprise [petitioner] of the charges and enable
. . . her to adequately prepare a defense" (*Matter of Rounds v
Town of Vestal*, 15 AD3d 819, 822 [2005] [internal quotation
marks and citations omitted]; *see Matter of Block v Ambach*, 73
NY2d 323, 332-333 [1989]; *Matter of McKenzie v Board of Educ.
of the City Sch. Dist. of Albany*, 100 AD3d 1096, 1098 [2012];
*Matter of Orens v Novello*, 307 AD2d 392, 392 [2003], *appeal
dismissed* 100 NY2d 614 [2003]).

Here, in conjunction with the bill of particulars, respon-
dents included copies of the newspaper articles and media
reports relevant to charge No. 4, as well as that portion of
the transcript of petitioner's August 2012 disciplinary hear-
ing bearing upon the misconduct alleged in charge No. 2.
Viewing the notice of discipline, the corresponding bill of
particulars and the materials supplied therewith against the
backdrop of petitioner's prior disciplinary proceeding, we are
satisfied that petitioner was afforded adequate notice of the
misconduct alleged with respect to the sustained specifica-
tions (charge Nos. 1, 2 and 4). Accordingly, this aspect of
petitioner's due process claim must fail.

Petitioner next asserts that the Hearing Officer should have
been disqualified for a myriad of reasons that generally fall
under the heading of exhibiting bias or creating the appearance
of impropriety. In this regard, "[b]ecause hearing officers are
presumed to be free from bias, an appearance of impropriety is
insufficient to set aside an administrative determination;
petitioner must provide factual support for [her] claim of bias
and prove that the outcome flowed from that bias" (*Matter of
Compasso v Sheriff of Sullivan County*, 29 AD3d 1064, 1065
[2006]; *see* 10 NYCRR 51.17 [a]; *Matter of Helmer v New York
State & Local Employees' Retirement Sys.*, 305 AD2d 949, 950
[2003]; *Matter of Donlon v Mills*, 260 AD2d 971, 974 [1999], *lv
denied* 94 NY2d 752 [1999]). Based upon our review of the rec-
ord as a whole, we do not find that petitioner made such a show-
ing here.

To the extent that petitioner contends that the Hearing Offi-
cer should have been disqualified due to an alleged affiliation
between the Hearing Officer's spouse and respondents' counsel,
we note that petitioner did not seek disqualification upon this
ground at the administrative hearing and, hence, this issue is
unpreserved for our review (*cf. Matter of Longton v Village of
Corinth*, 57 AD3d 1273, 1276 [2008], *lv denied* 13 NY3d 709

[2009]).[2] In any event, the Commissioner averred that he selected the Hearing Officer based upon a recommendation from a local attorney and that he did not discuss the Hearing Officer's designation with "any attorney or representative" of the law firm representing respondents in this matter prior to making such designation.

Petitioner further argues that the Hearing Officer should have been disqualified based upon the fact that he presided over both of petitioner's disciplinary hearings. However, absent record evidence that the Hearing Officer may have prejudged the matter under review, "an administrative decision maker is not deemed biased or disqualified merely on the basis that he or she reviewed a previous administrative determination and ruled against the same employee, or presided over a prior proceeding involving a similar defense or similar charges" (*Matter of Botsford v Bertoni*, 112 AD3d 1266, 1268 [2013]; *see Matter of Compasso v Sheriff of Sullivan County*, 29 AD3d at 1065). Here, a portion of the transcript from petitioner's August 2012 disciplinary hearing was admitted into evidence at petitioner's subsequent hearing, and the testimony contained therein was directly relevant to the allegations of misconduct set forth in charge No. 2 of the notice of discipline. Under these circumstances, the Hearing Officer's limited review of or reference to such testimony in arriving at his conclusion relative to charge No. 2 was entirely proper. More to the point, we find no support for petitioner's blanket assertion that the Hearing Officer otherwise—and improperly—referred to matters outside the record in rendering his determination as to guilt. To the extent that the record reflects that the Hearing Officer may have considered petitioner's overall employment record or the prior disciplinary proceeding in fashioning a penalty, we discern no impropriety in this regard (*see Matter of McKenzie v Board of Educ. of the City Sch. Dist. of Albany*, 100 AD3d at 1098). Petitioner's remaining allegations of bias are based upon a selective reading of the hearing transcript and find no factual support in the record.

We do, however, find merit to petitioner's claim that the Commissioner—having investigated petitioner's initial allegations of preferential assessment treatment, concluded that such allegations were unfounded, preferred the resulting charges of misconduct and insubordination against petitioner and testified at petitioner's disciplinary hearing in support of such

---

**2.** We discern no exception to the preservation requirement under the facts presented here (*compare Matter of Ashe v Town Bd. of the Town of Crown Point, N.Y.*, 97 AD3d 1022, 1023 [2012]).

charges—should have disqualified himself from reviewing the Hearing Officer's recommendation and rendering a final determination in this matter. Regardless of whether disciplinary charges are pursued in the judicial or administrative realm, "[t]he participation of an independent, unbiased adjudicator in the resolution of disputes is an essential element of due process of law, guaranteed by the Federal and State Constitutions" (*Matter of General Motors Corp.—Delco Prods. Div. v Rosa*, 82 NY2d 183, 188 [1993]; *see Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158, 161 [1990]). Although a particular individual's involvement or participation in the disciplinary process does not automatically compel his or her recusal, the case law makes clear that "individuals who are personally or extensively involved in the disciplinary process should disqualify themselves from reviewing the recommendations of a Hearing Officer and from acting on the charges" (*Matter of Baker v Poughkeepsie City School Dist.*, 18 NY3d 714, 717-718 [2012] [internal quotation marks and citation omitted]; *see Matter of Ashe v Town Bd. of the Town of Crown Point, N.Y.*, 97 AD3d 1022, 1022-1023 [2012]). Accordingly, "when an officer institutes charges of misconduct and testifies at [the] ensuing hearing, that officer, in the interest of fairness, must disqualify [himself or] herself from reviewing the Hearing Officer's recommendations and rendering a final determination" (*Matter of DiMattina v LaBua*, 262 AD2d 409, 410 [1999]; *see Matter of Ernst v Saratoga County*, 234 AD2d 764, 767-768 [1996]; *Matter of Lowy v Carter*, 210 AD2d 408, 409 [1994]; *Matter of Hicks v Fortier*, 117 AD2d 930, 930-931 [1986]; *see also Matter of Ashe v Town Bd. of the Town of Crown Point, N.Y.*, 97 AD3d at 1023; *Matter of Nicoletti v Meyer*, 42 AD3d 722, 722-723 [2007]).

Here, the Commissioner spoke with petitioner in April 2011 regarding her concerns relative to the manner in which Popolizio was granting reductions in condominium assessments and, after questioning Popolizio in this regard, "satisfied" himself that "everything was being done above board." When petitioner continued to press her concerns, the Commissioner, among other things, "looked at every [assessment] reduction from December 27, 2010 through mid August 2012 to [ascertain] if they were done properly," ultimately concluding "that the reductions made were done in a legal manner." Thereafter, the Commissioner preferred disciplinary charges against petitioner, appointed the Hearing Officer to conduct petitioner's disciplinary hearing and testified at petitioner's hearing. While it is true that "[n]ot all testimony will require disqualification" (*Matter of Baker v Poughkeepsie City School Dist.*, 18 NY3d at 718) and, further, that the Commissioner was called as a witness by

petitioner, it is clear from a review of the Hearing Officer's decision that the Commissioner's testimony was relied upon and credited by the Hearing Officer in sustaining the charges against petitioner. As the Commissioner's testimony "directly support[ed] . . . the establishment of the charges preferred" (*id.*), and given the Commissioner's otherwise extensive involvement in the disciplinary process, his disqualification was required (*see Matter of Nicoletti v Meyer*, 42 AD3d at 722-723; *Matter of DiMattina v LaBua*, 262 AD2d at 410; *Matter of Ernst v Saratoga County*, 234 AD2d at 767-768; *Matter of Lowy v Carter*, 210 AD2d at 409; *Matter of Hicks v Fortier*, 117 AD2d at 930; *compare Matter of Hussey v Incorporated Vil. of Farmingdale*, 251 AD2d 579, 580 [1998]; *Matter of Ost v Supervisor of Town of Woodstock*, 251 AD2d 724, 726 [1998], *lv denied* 92 NY2d 817 [1998]).

In an effort to nonetheless sustain the underlying determination, respondents seek to invoke the "rule of necessity," which provides a limited exception to the requirement of an unbiased adjudicator by "requiring a biased adjudicator to decide a case if and only if the dispute cannot otherwise be heard" (*Matter of General Motors Corp.—Delco Prods. Div. v Rosa*, 82 NY2d at 188; *see Matter of Baker v Poughkeepsie City School Dist.*, 18 NY3d at 718; *see generally Matter of McComb v Reasoner*, 29 AD3d 795, 799-800 [2006]). Such necessity, however, "must be construed strictly, in favor of delegating [adjudicatory] authority to others whenever possible" (*Matter of General Motors Corp.— Delco Prods. Div. v Rosa*, 82 NY2d at 188). According to respondents, the only individual to whom the Commissioner could have delegated review of the Hearing Officer's decision was Kellner-Chille, who—the record reflects—also provided extensive and detailed testimony in support of the charges against petitioner. As Kellner-Chille would be equally disqualified from reviewing the Hearing Officer's decision and rendering a final determination, respondents' argument continues, the rule of necessity permitted the Commissioner to undertake that task here. We do not agree.

Civil Service Law § 75 (2) provides that where, as here, an officer having the power to remove an employee designates someone else to conduct the underlying disciplinary hearing, the record of such hearing "shall . . . be referred [back] to such officer . . . for review and decision." In construing this provision, the Court of Appeals has observed that "[i]t makes sense that the decision whether sanctions against an employee are warranted should be made by an official that has knowledge of the employee's duties and responsibilities, as well as an understand-

ing of what disciplinary measures have been previously imposed on other employees for similar types of infractions" (*Matter of Gomez v Stout*, 13 NY3d 182, 186 [2009]). Although acknowledging that the statute does not expressly address what the affected officer should do where, as here, a disqualifying conflict exists, the Court of Appeals has interpreted Civil Service Law § 72 (2) to "require[ ] that the power to discipline be delegated, if necessary, within the governmental department's chain of command" (*Matter of Gomez v Stout*, 13 NY3d at 187). Whether a particular delegation will fall within the affected department's chain of command and, hence, is permissible appears to turn upon whether the body or official to whom review power is delegated possesses either supervisory authority over the employee at issue or administrative responsibility over the affected department and its personnel (*compare Matter of Gomez v Stout*, 13 NY3d at 187, *and Matter of Roosa v Belfiore*, 69 AD3d 945, 946-947 [2010], *with Matter of Guynup v County of Clinton*, 74 AD3d 1552, 1554 [2010]).

The parties, in a somewhat conclusory fashion, debate whether—consistent with the provisions of the Saratoga City Charter—there is a body or officer to whom the Commissioner validly may delegate the power to review the report and recommendation issued by the Hearing Officer. Inasmuch as respondents have failed to demonstrate—on this record—that no such body or officer exists, we are unable to conclude that the rule of necessity may be properly invoked here. Accordingly, we remit this matter to the City "for a de novo review of the present record and the Hearing Officer's recommendations by a qualified and impartial individual [or body]" to be designated by the Commissioner (*Matter of Botsford v Bertoni*, 112 AD3d at 1269). In light of this conclusion, we need not reach petitioner's remaining arguments regarding the sufficiency of the proof adduced at the hearing and/or the penalty imposed.

Peters, P.J., Stein, Garry and Devine, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent City of Saratoga Springs for further proceedings not inconsistent with this Court's decision.