*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    521848
_____

In the Matter of ZETRA BRUSO,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

COUNTY OF CLINTON et al.,
                    Respondents.
_____

Calendar Date:   March 21, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                    _____


          William G. James, Willsboro, for petitioner.

          Lemire, Johnson & Higgins, LLC, Malta (Bradley J. Stevens
of counsel), for respondents.

                    _____


Clark, J.

          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Clinton County)
to review a determination of respondent County Administrator of
the County of Clinton terminating petitioner's employment.

          Petitioner was employed by respondent County of Clinton as
the head nurse of the Clinton County Nursing Home.  In November
2012, respondent Wendie Bishop — the administrator of the nursing
home — placed petitioner on administrative leave pending an
investigation into petitioner's possible performance issues and,
in December 2012, she brought 12 disciplinary charges against
petitioner for 28 specific acts of alleged misconduct and

incompetence.  Following a Civil Service Law § 75 hearing,[1] a
Hearing Officer found that substantial evidence supported a
majority of the charges and specifications and recommended that
petitioner's employment be terminated.  Respondent Michael E.
Zurlo – the Clinton County Administrator – adopted the Hearing
Officer's findings and recommendation and terminated petitioner
from her employment.  Petitioner thereafter commenced this
proceeding pursuant to CPLR article 78 seeking to annul Zurlo's
determination.  After respondents joined issue and moved for
dismissal of the petition, Supreme Court transferred the
proceeding to this Court (see CPLR 7804 [g]).

        Initially, we are unpersuaded by petitioner's contention
that the Hearing Officer erred in refusing to admit into evidence
the Civil Service Commission's Manual of Procedure in
Disciplinary Actions.  "[G]enerally[,] all relevant material and
reliable evidence which will contribute to an informed result
should be admissible in disciplinary proceedings" (Matter of
Simpson v Wolansky, 38 NY2d 391, 395 [1975]; see Matter of Sander
v New York City Dept. of Transp., 23 AD3d 156, 157 [2005]).  As
the Hearing Officer held, the manual, which merely acts as a
guideline, was not relevant to the determination of whether
petitioner was guilty of the alleged misconduct and was,
therefore, properly excluded.

        Petitioner also argues that, as of the date of the
determination, Zurlo was not the designated authority to review
the record and the Hearing Officer's report and to render a
determination on the charges.  Civil Service Law § 75 (2)
requires that an employee disciplinary proceeding "be held by the
officer or body having the power to remove the person against
whom such charges are preferred, or by a . . . person designated
by such officer or body in writing" and, where such designation
is made, that the designee make a record of the hearing, which,

_____

        [1]  At the hearing, petitioner attempted to enter into
evidence a particular form, which contained sensitive information
regarding a resident, that the nursing home had apparently been
unable to locate.  As a result, in April 2013, Bishop brought
additional charges against petitioner.

together with his or her recommendation, will then "be referred to such officer or body for review and decision" (see Matter of Rauschmeier v Village of Johnson City, 91 AD3d 1080, 1081 [2012], lv denied 19 NY3d 802 [2012]).  "However, where . . . a conflict exists that implicates the appointing authority's ability to be fair and impartial, a third party with 'supervisory authority over th[e] particular employee' may be designated to review a Hearing Officer's report and, upon such a review, make determinations concerning the employee's status" (Matter of Guynup v County of Clinton, 74 AD3d 1552, 1554 [2010], quoting Matter of Gomez v Stout, 13 NY3d 182, 187 [2009]).

Here, Bishop was the original appointing authority vested with the power to remove petitioner from her employment.  Having brought the charges, appointed the Hearing Officer and testified at length at the hearing, Bishop was "'personally [and] extensively involved in the disciplinary process'" and properly disqualified herself from reviewing the record and the recommendation of the Hearing Officer and rendering a determination on the charges (Matter of Baker v Poughkeepsie City School Dist., 18 NY3d 714, 717-718 [2012], quoting Matter of Ernst v Saratoga County, 234 AD2d 764, 767 [1996]).  Bishop designated Zurlo, a person with supervisory authority over petitioner, to act in her stead.  Although Zurlo stated in his July 15, 2013 determination terminating petitioner's employment that Bishop had delegated her authority to him, Bishop and Zurlo affirmatively stated in their respective affidavits that the designation occurred on July 22, 2013, seven days after Zurlo made the determination.  Accordingly, as the record does not support the conclusion that Bishop had vested Zurlo with the power to remove petitioner from her employment at the time of the determination, we remit the matter for a de novo review of the record and the Hearing Officer's recommendation by "the officer or body having the power to remove" petitioner from her employment or, if such officer or body is disqualified, a qualified individual to be designated by such officer or body (Civil Service Law § 75 [2]; see Matter of Zlotnick v City of Saratoga Springs, 122 AD3d 1210, 1216 [2014]; Matter of Botsford

v Bertoni, 112 AD3d 1266, 1269 [2013]).[2]

Additionally, we note that petitioner is entitled to back pay and benefits (see Matter of Gomez v Stout, 13 NY3d at 187; Matter of Roosa v Belfiore, 69 AD3d 945, 947 [2010]).  However, in a decision decided herewith, we have confirmed a July 22, 2013 determination finding petitioner guilty of an additional charge brought pursuant to Civil Service Law § 75 and terminating her employment based on that finding (Matter of Bruso v Clinton County, ___ AD3d ___ [decided herewith]).  Under these circumstances, petitioner is entitled to back pay and benefits only for the period from July 15, 2013 through July 21, 2013.

In light of our conclusion, we need not reach the remaining issues raised by petitioner, including whether the determination was supported by substantial evidence and whether the penalty imposed was shocking to one's sense of fairness (see Matter of Gomez v Stout, 13 NY3d at 188; Matter of Zlotnick v City of Saratoga Springs, 122 AD3d at 1216).

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.

---

[2]  Inasmuch as Zurlo was not extensively involved in the disciplinary process, we disagree with petitioner's assertion that he was not a qualified individual to whom Bishop could have delegated her authority.  However, as Zurlo has already reviewed the record and the findings and recommendation of the Hearing Officer, we conclude that it would not be appropriate for him to conduct the required de novo review upon remittal.

ADJUDGED that the determination is annulled, without costs, petitioner awarded back pay and benefits from July 15, 2013 through July 21, 2013 and matter remitted to respondent County of Clinton for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court