Matter of Stukes v City of White Plains (2018 NY Slip Op 05474)





Matter of Stukes v City of White Plains


2018 NY Slip Op 05474


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-04042
 (Index No. 2020/15)

[*1]In the Matter of Gary Stukes, appellant, 
v
City of White Plains, et al., respondents.


Charny & Associates, Rhinebeck, NY (Russell G. Wheeler of counsel), for appellant.
John G. Callahan, Corporation Counsel, White Plains, NY (Daniel K. Spencer of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Rolf M. Thorson, J.), dated March 1, 2016. The order and judgment granted the respondents' motion pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition, and denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner was employed by the City of White Plains as an Assistant Director-Cable TV Access. The petitioner's supervisor, James Kenny, the Executive Director of the City's Cable Television Access Commission (hereinafter the Commission), preferred charges against him for, inter alia, violating policies against workplace violence, based on an altercation the petitioner had with Kenny in the workplace. After a hearing before a hearing officer, at which Kenny testified, 13 of the factual specifications alleged in the charges were sustained, and the hearing officer recommended that the petitioner's employment be terminated. Kenny, who was disqualified from reviewing the hearing officer's recommendations and making a final determination because he had preferred the charges against the petitioner and testified at the hearing, delegated the authority to review the hearing officer's recommendations and make a final determination to William Brown, the Commission's Chairman. Chairman Brown adopted the findings of the hearing officer and imposed the recommended penalty of termination of the petitioner's employment.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul that determination, arguing that Chairman Brown was not a duly qualified individual to whom Kenny could properly delegate the power to review the hearing officer's recommendations and make a final determination. The Supreme Court found the delegation from Kenny to Chairman Brown to be proper, granted the respondents' motion to dismiss the petition, and denied the petition and dismissed the proceeding. The petitioner appeals.
Civil Service Law § 75(2) provides that where, as here, an officer having the power to remove an employee who is the subject of disciplinary proceedings designates someone else to conduct a hearing, the matter shall be referred back to that officer or body for review and decision. Although generally the authority to make the final determination as to the charged employee's status may not be delegated, "courts have recognized that the statutory command must yield to an employee's right to a fair and impartial hearing when such an official is personally involved in the [*2]proceedings by preferring the charges at issue and testifying at the hearing, or otherwise involving himself or herself extensively in the proceedings. In such circumstances, such an official acts improperly when he or she also renders the final determination" (Matter of McComb v Reasoner, 29 AD3d 795, 799). The Court of Appeals has interpreted Civil Service Law § 72(2) to "require[ ] that the power to discipline be delegated, if necessary, within the governmental department's chain of command" (Matter of Gomez v Stout, 13 NY3d 182, 187). "Whether a particular delegation will fall within the affected department's chain of command, and, hence, is permissible appears to turn upon whether the body or official to whom review power is delegated possesses either supervisory authority over the employee at issue or administrative responsibility over the affected department and its personnel" (Matter of Zlotnick v City of Saratoga Springs, 122 AD3d 1210, 1216).
"On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7), the factual allegations in the pleading must be deemed true, and the petitioner must be afforded the benefit of every favorable inference" (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 36).
Here, giving the petitioner the benefit of every favorable inference, we agree with the Supreme Court's determination that Chairman Brown's position with the Commission was within the affected department's chain of command and, thus, the delegation of authority from Kenny to Chairman Brown was proper (see Matter of Gomez v Stout, 13 NY3d at 187; Matter of Zlotnick v City of Saratoga Springs, 122 AD3d 1210; Matter of Guynup v County of Clinton, 74 AD3d 1552, 1554; Matter of Chisolm v Copeland, 29 AD3d 575, 576).
Accordingly, we agree with the Supreme Court's determination to grant the respondents' motion pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition, and to deny the petition and dismiss the proceeding.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court